# DECISIONS

# SUPREME COURT OF FLORIDA.

## APRIL TERM, 1873.

THOMAS R. SMITH, GUARDIAN OF SUSAN SMITH, RESPONDENT, vs. T. EUGENE GIBSON, APPELLANT.

An order transferring a cause to another circuit, made by a Judge who is disqualified to try the cause, must specify the county to which the cause is sent; merely ordering the transfer to another Cirouit effects nothing, and the order should show the cause for making it. .

Appeal from the Circuit Court for Columbia County, Third Judicial Circuit.

The facts in this case as set forth are stated in the opinion of the court.

*John W. Malone* for Appellant.

*E. C. Love* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court for Columbia county. The suit was commenced in chancery in the Circuit Court for Gadsden county in 1869. After answer and replication, the Circuit Judge of the Second Circuit made an order in the cause as follows :

" Upon reading and considering the foregoing petition, it is adjudged, ordered and decreed, that the above stated cause be, and the same is hereby transferred to the Third Judicial Circuit of this State. It is further ordered that the clerk of

this court be, and he is hereby required to transfer to said Third Judicial Circuit all the papers in this cause, together with a transcript of this order, upon the payment of all costs due in this case according to the statutes in such case made and provided." Signed by the Judge, August 25, 1869. All subsequent orders, including the final decree, were made by the Hon. Thomas T. Long, Judge of the Third Circuit.

In March, 1870, the counsel for the respective parties stipulated that the case be set for a hearing before Judge Long at Live Oak, in Suwannee county, on the 3d Monday in March, that being the day of the commencement of the Spring Term of the Circuit Court for that County. On the 12th of August, 1870, the Judge made his final decree, and at the same time made an order that " the clerk of the Circuit Court for Columbia county is hereby ordered to file all papers in this cause as of the 21st of March, A. D. 1870," whereupon the papers were deposited in the office of the clerk of Columbia county and filed, and the decree duly entered of record as a decree of said court for Columbia county.

From this decree the defendant appealed.

This decree cannot be sustained on account of the want of jurisdiction in the Circuit Court for the county of Columbia. The suit was commenced in Gadsden county and there has been no order made by the Judge transferring the cause to any other county. The order above recited directs that the cause be transferred to the third circuit. The statute under which the transfer was attempted, (Chap. 373, Laws of 1850,) requires that the order specify the county to which the cause is removed, and there being no county named, the transfer was not accomplished at all. The Judge of the *third* circuit ordered the papers to be filed and decree entered by the clerk of the Circuit Court for Columbia county, but he had no authority to transfer a cause pending in Gadsden county, second circuit, to his own circuit. The

order must be made by the Judge of the court in which the cause is pending.

There was, doubtless, a petition presented to the Judge of the second circuit, setting forth some grounds upon which the change of venue was desired, but the record does not show it; nor does it any where appear why the transfer was attempted to be made. Unless the cause " cannot be heard, tried or determined by reason of the disqualification of the Judge of the court to hear and determine the same," and this be made a ground for the transfer, the change cannot be ordered under the law referred to. The order is, therefore, further defective in that it does not show upon what grounds it was made. (See Swepson vs. Call, 13 Fla., 337.) The stipulation of the parties that the cause be heard before Judge Long at Live Oak, does not cure the difficulty, for it does not show any consent that the cause be transferred to Columbia county.

The record does not show that the Judge of the third circuit acted in the case by virtue of the provision in the fourth section of the law cited, for and in place of the Judge of the second circuit, because none of the causes or reasons for such action any where appear.

The Judge of one circuit cannot act in place of the Judge of another circuit except in the cases provided by law, and where the law specifies that such Judge may act in certain cases and under certain enumerated circumstances, it should appear that the conditions exist; otherwise the act lacks the essential element of vitality.

How far the stipulation for a hearing of the cause before Judge Long operated to waive any irregularity in the proceedings, or whether it is practicable by stipulation or consent to confer upon the Judge of another circuit the power to make a final decree in the place and stead of the Judge of the circuit where the cause is pending, it is not necessary here to determine.

18

The decree of the Circuit Court for Columbia county must be reversed and set aside, and the Judge of that court will direct the clerk to return to the clerk of Gadsden county all the papers filed in his office relating to the case.