ROBERT D. SPAULDING AS ADMINISTRATOR OF THE ESTATE OF RICHARD S. SPAULDING, DECEASED, APPELLANT, VS. E. S. ELLSWORTH, HENRY F. GRAHAM AND LESTER HUBBELL, APPELLEES.

1. The proper method of testing the legal sufficiency of a plea in equity is to set it down for argument.

2. Upon the hearing of a plea in equity set down for argument, every allegation in the bill not denied by the plea is taken as true, and every allegation of the plea is likewise taken as true.

3. A purchaser at a tax sale has not even a *prima facie* right to the land purchased by him, or its possession, until the execution and delivery of a deed therefor.

4. The limitation of four years within which the former owner or claimant, his heirs or assigns are required by sec. 60, chap. 3681, acts 1887, to begin proceedings to set aside a deed made in pursuance of a sale of land for taxes, or to recover possession of lands sold for taxes against the grantee in such deed his heirs, assigns or legal representatives, begins to run from the execution and delivery of the tax deed, and not from the day the land is struck off to the purchaser by the collector.

Appeal from the Circuit Court for Marion county.

STATEMENT.

The appellant on June 19, 1891, filed his bill in the Circuit Court of Marion county against appellees, praying that a tax deed under which it was alleged the appellee, Ellsworth, claimed title to certain lands owned by R. S. Spaulding at the time of his death and which were then in possession of appellant as administrator be declared invalid as a cloud on the title. It is unnecessary to state all the allegations of the bill and other pleadings, as the only assignments of error argued here are based upon the rulings of the court below with reference to a plea filed by defendant, Ellsworth. It was stated in the bill, that the tax deed was dated August 2, 1888, and that it was based upon a tax sale made May 2, 1887, for non-payment of taxes of 1886, but from a certified copy of the deed attached to and made a part of the bill, it appears that the deed was executed and recorded August 7, 1888, by the Clerk of the Circuit Court of Marion county, and purported to be executed in pursuance of a sale made May 2, 1887, by the tax collector of Marion county, for non-payment of taxes levied and assessed upon certain

lands, including those mentioned in the bill, for 1886. The deed recited that the land was sold to the State, as the best bidder, and the State subsequently sold all its right, title and interest in the land to Graham & Hubbell, to whom the tax deed was executed; and the bill alleged that the grantees in this tax deed had subsequently conveyed the lands therein described to appellee, Ellsworth. On the same day, June 19, 1891, the clerk of the court below made an order of publication against the appellees, as non-residents.

Appellees entered a special appearance July 27, 1891, in order to avail themselves of an alleged defect in the order of publication; and on August 6, 1891, the clerk made another order of publication against them. Such further proceedings were had that on February 15, 1892, appellee, Ellsworth, filed a plea "that this suit was not commenced within four years after the date of the tax sale under and by virtue of which this defendant acquired his title to the lands involved in this suit; that the said tax sale took place on the 2d day of May, A. D. 1887, and this suit was not commenced until the 6th day of August, A. D. 1891; and that by reason thereof the said suit is barred." This plea was set down for argument by appellant and the plea was sustained March 14, 1892, with leave to appellant to reply. A general replication was filed, the cause referred to a master to take testimony and upon hearing thereafter a decree was entered granting the prayer of the bill. Subsequently a rehearing was granted, and the court upon such rehearing found the plea to be true in fact and dismissed the bill of complaint. The appellant then filed a petition for rehearing which was denied, and this appeal was then entered.

The other facts in the case are stated in the opinion of the court.

*George H. Badger*, for Appellant.

*Arthur F. Odlin*, for Appellees.

BRIEF FOR APPELLEES.

The facts of this case are stated with substantial accuracy in the opening of the brief filed herein by the counsel for the appellant, except that on page 2 he states that the petition for a rehearing in the lower court was filed by me on the ground that I had not had an opportunity of answering the bill of complaint. If the court will examine the petition for a rehearing to be found in the record I think it will appear that the same was filed on several grounds. I respectfully ask your honors to be sure to look at the correct petition for a rehearing. I filed one before Judge Finley, which he granted, and this is the one to which I refer. The complainant filed one before Judge Finley afterwards, and the term of Judge Finley expired before the same was presented, whereupon it was submitted to Judge Hocker, who denied it.

The first position which I take is this: The complainant having put down the plea for argument as to its sufficiency, and after that question had been determined against him, instead of appealing, he averred in the plea, which issue was also found against him; now, having put the case upon an issue of fact, instead of abiding by the issue as to the legal sufficiency of the plea, the complainant is precluded from raising the latter question in this court. In other words the complainant must be held to have abandoned his right

to have the sufficiency of the plea as a defense to the bill again considered. Hughes vs. Blake, 6 Wheaton, 472; Rhode Island vs. Massachusetts, 14 Pet. 210.

Hence the only question now before this court properly presented on this appeal is as to the truth of the plea. There can be no doubt whatever on this score. A mere reading of the record will establish it. The complainant admits that facts set forth in said plea are true. Of course he denies that such facts constitute a defense, but that is only another way of saying that the plea is not legally sufficient. In short he admits that the facts set forth in the plea are true, but does not admit the legal conclusion reached by me and by the court as to such facts being a defense to his bill. In his brief the complainant says that the tax sale of which he complains took place May 7, 1887, and that his bill herein was filed June 19, 1891, which was over four years thereafter. In my plea I aver that the bill was not filed within four years after the date of sale. I have shown that the complainant is in a position where he can not question the validity, or what is the same thing, the legal sufficiency of this plea. Hence there is nothing left for this court to do except to confirm the decree of the Circuit Court dismissing his bill.

But if your honors should hold that the complainant has the right to litigate in this court the question as to the sufficiency in law of said plea, the appellees do not fear to meet him on that ground. True it is that the general revenue law of 1883 provided, as stated by the complainant in his brief, that no suit should be brought to set aside a tax deed, etc., unless within three years after the date of recording the deed in the county where the land lies, etc., etc. But I

submit that this law was repealed by the law of 1887 (see acts of 1887, chapter 3681, section 64) in express terms, and this new law provided (see section 60 of same chapter, 3681) that no such suit should be brought unless within four years after date of tax sale, and the tax deed in the case at bar not being issued until August, 1888, the law of 1887 was then in force and must govern this case. The same law was in force in June, 1891, when this suit was brought, it having been held by this court that the revenue of 1891 did not become effective until August 4, 1891. Hull vs. Greeley, 31 Fla. 471.

The appellant in his brief not only charges that the assessment of this land in 1886 was illegal, but the defendant admits it and the evidence shows it. We say, on the contrary, that even if it be open to the complainant to challenge the validity of the assessment under the pleadings—to say nothing of the question of the statute of limitations—then the bill fails to show that the assessment is void, the defendant does not admit such illegality and the evidence fails to show it. True it is that the land was assessed to the "Heirs of R. S. Spaulding." This was correct. They were the "owners" of the property in 1886, R. S. Spaulding having died previous to 1886. Of course the administrator under the law as it then stood was entitled to the possession of the real estate as against the heirs pending the settlement of the estate, but he was not the owner. He was the occupant, and the land might have been legally assessed to him as administrator on that ground. But the law allows the assessor to assess lands either to the "owner, occupant or as unknown." In the case at bar the assessor chose to

assess it in the name of the "owners," and I can not understand how the appellant can claim that the assessment is illegal. This court has very properly held that an assessment to the "Estate of A" is void, but I submit that had the assessment in that case been made to the "Heirs of A" the result would have been different. L'Engle vs. Wilson, 21 Fla. 461.

Furthermore, the court will notice that the appellant was appointed administrator by the County Judge of Volusia county. The land which this litigation involves lies in Marion county. It is not claimed by the appellant that he as such administrator ever made any return to the assessor of the property. Hence there was no way for the assessor to know that the appellant was the administrator of the estate of R. S. Spaulding. The assessor might have known, and it is clear that he did know, that R. S. Spaulding was dead, but nothing as to the appointment of an administrator in another county. Also it is suggested that perhaps the heirs themselves returned these lands for assessment to themselves, knowing that they were the owners within the law of descent, as well as the law of assessment. I admit, of course, that where the assessment is absolutely void, as in the case in 21 Florida, above cited, the assessment was to the "Estate of Parkhurst," the statute of limitations peculiar alone to tax deeds would have no effect; and if the land in the case at bar had been assessed to the "Estate of Spaulding" the defendant would not have undertaken to hold the land, and there would have been no litigation. But as we have shown that the assessment was perfectly valid, and also that the short statute of limitations had run against the appellant, and also that it is not open to the appellant under the rules of

equity pleading to question the sufficiency of the plea; also that the facts set forth in said plea are clearly true, we confidently submit the case to your honors and ask that the last decree of the Circuit Court be allowed to stand.

Respectfully submitted on behalf of the appellee.

CARTER, J.:

The chancellor should have overruled the plea filed by appellee, Ellsworth, instead of allowing it on the argument. The proper method of testing the legal sufficiency of a plea is to set it down for argument, which is in effect a demurrer to the plea. Upon the hearing every allegation in the bill not denied by the plea is taken as true, and every allegation of the plea is likewise taken as true. Hart vs. Sanderson's Administrators, 18 Fla. 103; 1 Beach's Modern Equity Practice, sec. 326; Story's Eq. Pl., secs. 694-697; 1 Daniell's Ch. Pl. & Pr., p. 695. From the plea it appeared that the tax sale was made May 2, 1887, but by the bill it was shown that no deed was executed pursuant to this sale until August 7, 1888; and this allegation was not denied by the plea. The plea admitted that the present suit was begun August 6, 1891, which was within three years from the date of the deed, but more than four years from the date of sale. It is contended by appellee that these facts were sufficient to sustain the plea under the provisions of section 60, Chapter 3681, approved June 13, 1887, which, leaving out the proviso as inapplicable to this case, reads as follows: "No suit or proceeding shall be commenced by a former owner or claimant, his heirs or assigns, or his or their legal representatives, to set aside any

deed made in pursuance of any sale of land for taxes, or against the grantee in such deed, his heirs or assigns, or legal representatives to recover the possession of said lands, unless such suit or proceedings be commenced within four years after date of such sale." It is contended by appellant that this section of the act of 1887 does not govern the present case because this sale was had under the provisions of Chapter 3413, approved March 5, 1883, before the act of 1887 was passed. It is not pretended by appellee that the plea is good under the last named statute, and without stopping to inquire if the quoted section of Chapter 3681 is applicable to this proceeding, we think the correct interpretation of that section is that the limitation begins to run from the execution and delivery of the tax deed, and not from the day the land is struck off to the highest bidder. The weight of authority favors this construction of statutes very similar to this; Black on Tax Titles, sec. 494; 2 Blackwell on Tax Titles, sec. 895; Jones vs. Randle, 68 Ala. 258; Eldridge vs. Kuehl, 27 Iowa, 160; and the language used in this section, together with other provisions of the same statute show that the Legislature could not have intended that the limitation should run from the day the land is bid off. By section 51 the collector is required to give a certificate to the purchaser at the sale, which stipulates that the purchaser will be entitled to a deed of conveyance in accordance with law unless the land shall be redeemed within *one year;* and section 54 expressly authorizes any person claiming the lands to redeem same at *any time* within one year next succeeding the sale, and section 57 authorizes the Clerk of the Circuit Court to execute a deed to the purchaser on presentation of the certifi-

cate *after the time* provided by law for redemption of the lands; but not before. Substantially the same provisions are found in the act under which this sale was made. Sections 52, 55 and 58, Chapter 3413 act of 1883. The limitation in section 60, Chapter 3681 is directed against a proceeding to set aside a *deed* made in pursuance of a sale of land for taxes, or to recover *possession* of the lands. This is a suit to set aside a deed. It is obvious that no suit can be brought to set aside a *deed*, until the *deed* has been made, and the act contains no limitation of the time within which a deed can be made. The purchaser can if he chooses wait until the expiration of four years from the date of the sale, to demand a deed, but it will not be pretended that the Legislature intended to put it within the power of the purchaser to shut off all rights of the former owner to contest the validity of the deed, by a voluntary delay on his part to obtain a deed until the limitation prescribed by this section has expired. The purchaser at a tax sale has not even a *prima facie* right to the land or its possession until he has obtained a deed, and the owner can not be required to begin proceedings to set aside the deed, until the deed is made. The deed is the final consummation of the sale, and the sale referred to in this section means the completed sale accomplished by the execution and delivery of the deed. This proceeding was therefore brought within the time limited by this section, if the section is applicable, and the plea should have been overruled.

The decree sustaining the plea, and all subsequent orders based thereon, are reversed; and the cause remanded with directions to the court below to

overrule the plea and permit appellees to answer the bill, if they desire, and for further proceedings in accordance with chancery practice.