SHEROD S. KEEN, *Appellant,* v. D. W. BROWN AND T. J. SUMMERALL, EXECUTORS OF JOHN V. BROWN, *Appellees.*

1. The order of a Circuit Judge granting change of venue to a county in another circuit need not state the ground of the transfer if this is sufficiently shown by the whole record. *Smith v. Gibson,* 14 Fla. 263, and *Swepson v. Call,* 13 Fla. 337, distinguished.

2. The statute authorizing change of venue on account of the prejudice of the judge of the court where the suit is pending has application as well to prejudice in favor of the adverse party as to prejudice against the party making the application for transfer.

3. A plea in equity setting up a former judgment in bar must set forth so much of the pleadings or proceedings in the former suit as will suffice to show that the same point was there in issue as in the pending suit.

4. The proper office of a plea in equity is to bring forth fresh matter not apparent in the bill, and a plea which sets forth nothing except what appears on the face of the bill is bad and should be overruled.

5. The defense of *res adjudicata* may be raised by demurrer where the facts supporting it appear from the bill of complaint.

This case was decided by Division B.

Appeal from Circuit Court for Gadsden county.

*Statement.*

The appellant, complainant below, filed a bill on June 25th, 1895, against John V. Brown, the testator of the present defendants, alleging a partnership between them

terminated by the act of the defendant, and praying an accounting. The bill further alleged that the defendant Brown had obtained two judgments against the complainant based upon matters relating to the partnership, and for that reason not properly cognizable in a court of law, and averred reasons why he was prevented from resisting or appealing from one of these judgments, and prayed an injunction restraining their enforcement.

The complainant filed a petition that the cause be transferred to another circuit because of the prejudice of the judge of the circuit in which it was then pending, supporting the petition with an affidavit alleging prejudice on the part of the judge in the defendants' favor for reasons set out in the affidavit. Upon hearing, this petition was granted and the cause transferred to Gadsden county in the second circuit.

Thereafter the defendants filed a plea alleging that their testator had had no dealings with complainant since the seventh day of June, 1895, and that "as to so much and such parts of said bill as seeks an accounting concerning the dealings and transactions therein alleged to have taken place between the said complainant and the said John V. Brown, defendants' testator at any time before the seventh day of June, 1895, these defendants say that previously to the filing of complainant's said bill, the said John V. Brown, defendants' testator, sued the complainant in the justice court in said county and State and recovered judgment against the said complainant in the sum of $50, as set forth in complainant's said bill, and that complainant appealed said cause to the county court of Columbia county, Florida, wherein said cause was again tried and judgment recovered for the sum of $50, all of which is a matter of record in said courts; and thereafter the defendant sued the said complainant in the Circuit Court of Columbia county, Florida, and recovered judgment against the said complainant in the sum of $1,693.85 with interest from the twentieth day of January, 1894, balance due on account between them, as set

forth in complainant's said bill;" that the matters set forth in the bill were *res adjudicata,* "there being here in said cause set up an identity in the things sued for, identity of the cause of action, identity of the persons and parties to the action and identity of the quality in the complainant and defendants' testator, John V. Brown."

This plea was set down for hearing, and after argument the court below allowed the plea and dismissed the bill. From this decree the complainant appeals to this court.

*A. J. Henry* and *Geo. P. Raney* for appellant.

*B. H. Palmer* for appellees.

MAXWELL, J. (*after stating the facts*).—The first error assigned by the appellant is the order transferring the cause to Gadsden county. It is objected that the order does not show a ground of transfer under the statute. The order does not state the ground of the court's action, but recites that upon reading and filing the petition, affidavit and motion of complainant for change of venue in the cause, it is considered and ordered as follows, to-wit: that the prayer of the petition be granted, and change of venue to Gadsden county be awarded, and that the papers be transmitted to the clerk of that county. The record contains the petition and affidavit upon which the order was made and these state a ground of removal, *i. e.,* prejudice on the part of the judge, a ground, the truth or falsity of which lay peculiarly within the knowledge of the judge. When he granted the petition and ordered the transfer he adjudicated the question of the existence of the ground for removal so alleged, and the ground adjudged to exist sufficiently appears from the whole record. This was not true in the cases of *Smith v. Gibson,* 14 Fla. 263, and *Swepson v. Call,* 13 Fla. 337, where the petition did not aid the order.

It is further argued that section 1079 of the Revised Statutes, under which the order was made, provides for transfer

only because of prejudice against the party applying therefor, and not for partiality to the other side. The language of the statute is that the change may be ordered "on account of the prejudice of the judge of the court where the suit is pending." Prejudice is defined as a leaning toward one side of a question from other considerations than those belonging to it; in law, a bias on the part of judge, jury or witness which interferes with fairness of judgment. The purpose of the statute is to secure impartiality in the judge trying the case, and this would be defeated as much by an undue leaning toward one party as by prejudice against the other. This same section of the statutes in providing for change of venue because of bias in the jurors of the county expressly makes either influence in the adverse party or odium in the petitioner a ground for the transfer, and both the spirit and the letter of the provision in regard to the judge demand that it receive a construction equally broad. The statutory grounds of absolute disqualification in a judge, such as interest or relationship, are all based upon a presumed partiality *in favor* of one of the parties litigant; and when the favorable bias is not a mere presumption of law as in those cases, but is shown to be an existing fact, it is not the policy of the law that one so affected should sit in judgment in the case, and this provision for change of venue was enacted to secure that end.

Other assignments question the correctness of the action of the lower court in allowing the defendants' plea. The plea is faulty in several particulars.

It does not comply with the rule as stated by this court in the case of *DaCosta v. Dibble,* 40 Fla. 418, 24 South. Rep. 911, that a plea in equity setting up a former judgment in bar must set forth so much of the pleadings or proceedings in the former suit as will suffice to show that the same point was there in issue. The plea before us merely alleges the recovery of a common law judgment for $50, and of a second judgment for $1,693.85 balance due on account between the parties, with nothing except a bare averment in

terms to show the identity of the causes of action there sued upon and that presented by the bill in this case, or to overcome the natural presumption that as common law judgments. they were based upon some other cause of action than the litigation of unsettled partnership accounts.

It is true that by reference to the bill may be seen some connection between the suits, and that it is the purpose of the bill to secure an accounting which will include the transactions litigated in the common law suits, but it does not appear therefrom that the bill was not intended to cover other transactions than these. Even if the common law judgments should stand unquestioned, the complainant may still be entitled to an accounting as to the partnership business. It is not infrequent that transactions between partners, connected with the business of the partnership, are so segregated from the general business of the firm as to support a common law action between the partners without involving a general accounting or winding up of the partnership affairs.

It may be noted that the plea adds nothing to the allegations in the bill of complaint. "A plea which sets forth nothing except what appears on the face of the bill is bad, and must be overruled, although the objection, if raised by demurrer, would have been valid, as the proper office of a plea is to bring forth fresh matter not apparent in the bill." Fletcher's Eq. Pl. & Pr. 270. The defense of *res adjudicata* is one which may be raised by demurrer, where the facts supporting it appear from the bill. *Davis v. Hall,* 4 Jones Eq. (N. C.) 403. See, also, 9 Ency. Pl. & Pr. 613; *Greenup v. Crooks,* 50 Ind. 410; *Williams v. Cheatham,* 99 Ga. 301, 25 S. E. Rep. 698. We do not mean in pointing out this further defect in the plea as filed to intimate that a demurrer on this ground should, if interposed, have been sustained to the whole bill filed in this case; for, as above stated, it is not apparent from the bill that a cause for accounting may not exist as to transactions not embraced in the common law suits.

The decree will be reversed with directions that the plea be overruled.

CARTER, P. J., and COCKRELL, J., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.