JOHN C. HORTER, *Appellant,* v. THE COMMERCIAL BANK & TRUST COMPANY, a corporation, as trustee, *Appellee.*

En Banc.

Opinion filed March 26, 1930.

*W. K. Zewadski, Jr., Wm. C. Pierce,* for Appellant;

*Hampton & Greene,* for Appellee.

DAVIS, Commissioner:

The appellee instituted suit in the Circuit Court of Pasco County for the foreclosure of a real estate mortgage. N. E. Bowden, the mortgagor, and John C. Horter and The New Port Richey Country Club, a Florida corporation,

were named in the bill as defendants. The bill contains the following provision:

"Your orator further charges that the defendants New Port Richey Country Club and John C. Horter have or claim to have some interest, claim or title to the lands involved in this suit, the nature of which is unknown to your orator because the same are not of record, but the said John C. Horter filed a suit in Pasco County on February 17, 1927, in which a lis pendens notice was recorded in Book 2, Page 150, in which case he undertakes to put all persons upon notice of the pendency of said suit, but your orator says that whatever interest or claim the said John C. Horter has is inferior in dignity, subsequent in point of time, and subject to the mortgage of your orator as aforesaid. That the New Port Richey Company, as your orator is advised, caused the deed for the said premises to be placed in escrow and held, but the same has never been delivered, but the said deed is subsequent in point of time to your orator's mortgage and whatever rights it has are subject to the rights of your orator therein."

The complainant prays, among other things, that the court decree that the right, title, interest and claim of the said defendants are subject to the rights of the complainant. To this bill, the defendant, John C. Horter, interposed a plea in abatement as follows:

"Now comes John C. Horter, one of the defendants named in the foregoing cause, by his solicitors undersigned, and files herewith his plea in abatement to the Bill of complaint heretofore filed by complainant, and thereupon your defendant, John C. Horter, shows

unto this Honorable Court that there is at this time in this same court, in the equity side thereof, another action pending herein, in which said suit the same subject matter is involved as in this suit, that the same parties are included therein and the same facts and circumstances set forth, the same matters and things are to be determined and adjudicated, and that a final determination and disposition of said pending cause will determine and conclude the matters and things herein at issue, and in furtherance thereof the defendant, John C. Horter, shows the following facts:

"1st. That on May 4th, A. D. 1926, John C. Horter filed his bill of complaint in the equity division of this same court, which said action affected the same identical property as is made the subject matter of this cause and that said John C. Horter made as defendants to his bill all the parties known at that time to have or claimed to have any interest or claim whatever in or to said property; that said bill of complaint as filed by John C. Horter set forth very definite and material facts in support of his said cause of action and prayed for very definite and certain relief to be granted him by this court of equity; that said bill fully set forth all the facts and circumstances surrounding the giving of the alleged mortgage, the foreclosure of which is sought as the basis of this present cause, and that it was fully set up in said bill of complaint as filed by John C. Horter why the said alleged mortgage should not be held and deemed by this court to in anywise affect the title or interests which said John C. Horter held in and to the said real estate therein and herein described.

"2nd. That on July 20th, A. D. 1927, said John C. Horter filed his amended bill of complaint in his said cause and in addition to alleging all the facts contained in his original bill, set forth in addition, that the said mortgage therein and herein referred to had purported to the information and belief of John C. Horter, been transferred or assigned to The Commercial Bank & Trust Company, as Trustee, a corporation, the party named as complainant in this cause, and that simultaneous with the filing of said amended bill the said Commercial Bank and Trust Company, as trustee, a corporation, was named as additional defendant to said cause and summons in chancery thereupon issued and was served upon said Commercial Bank & Trust Company, as trustee, a corporation, requiring said corporation to come in and answer to the amended bill as filed by John C. Horter.

3rd. That said Commercial Bank & Trust Company, as trustee, a corporation, did thereafter file its appearance and did thereafter file certain pleadings in said cause and that said action is still in process of litigation and determination and that the same has not been adjudicated or determined to this date, but that the final adjudication thereof will absolutely settle and decide the question of the right of the said Commercial Bank & Trust Company, as trustee, a corporation, to foreclose the aforesaid mortgage against the said John C. Horter, or its right to affect in any manner, the interest of the said John C. Horter in the said real estate therein described.

"4th. Your defendant, John C. Horter, thereupon alleges and avers that all the facts and circumstances as set up and alleged in the bill of complaint filed in this cause to foreclose said mortgage can be as fully

and completely set forth and alleged by way of answer to the said amended bill of John C. Horter in his said action already pending as aforesaid; that all the issues and questions to be settled shall be adjudicated and determined in the single cause as originally instituted by your said John C. Horter; and that to avoid a multiplicity of suits between the same parties affecting the same subject matter and bringing into issue the same facts and circumstances, all the rights, claims and demands of the various and several parties to the said subject matter shall be determined and disposed of in the action as heretofore brought by John C. Horter; that therefore this cause as instituted by the said Commercial Bank & Trust Company, as trustee, a corporation, in its bill of complaint herein seeking the foreclosure of said mortgage, should be stayed and held in abeyance until the final determination of the said cause now pending in this court originally brought by John C. Horter and the questions and issues as therein set forth be settled and adjudicated.

"Wherefore, the premises considered, said John C. Horter, as defendant herein, files this his plea in abatement and alleges the pendency at this time of another action in this same Court in the equity side thereof seeking the determination of the same questions as to the same subject matter and parties and thereupon respectfully prays that this Honorable Court shall hold this cause in abeyance as to your defendant until the matters and things at issue, be disposed of in that cause as heretofore referred to, originally instituted by your said John C. Horter in this court, which said cause is therein entitled 'John C. Horter, complainant, v. John Marano, et als.,' and being docketed on the chancery side of this Honorable Court.''

This plea was set down for argument and was overruled by this court. From the order overruling plea, the defendant Horter entered his appeal to this Court and has assigned as error the making of such order.

Where a plea in equity is set down for argument, every allegation of fact in the bill not denied by the plea is taken as true, and every allegation of fact in the plea is likewise taken as true. Wilson v. Fridenburg, 19 Fla. 461; Brown v. Solary, 37 Fla. 102, 19 So. R. 161; Spaulding v. Ellsworth, 39 Fla. 76, 21 So. R. 812; Waring v. Bass, 76 Fla. 583, 80 So. R. 514; Semple v. Semple, 90 Fla. 7, 105 So. R. 134.

Pleas in abatement are not favored by the courts and the greatest strictness is applied to them and they will not be aided in construction by any intendments (McLeod v. Citizens Bank, 61 Fla. 350, 56 So. R. 190; Oglesby v. State, 83 Fla. 132, 90 So. R. 825; Story's Equity Pleading, 10th Ed. Sec. 665; 1 Enc. Pl. & Pr. 23; Mitford's & Tyler's Pleadings and Practice in Equity 385-6). Such a plea in an equitable proceeding must clearly and distinctly aver all the facts necessary to abate the proceeding; it should be full, direct and positive and not state matters by way of argument, inference or conclusion. DaCosta v. Dibble, 40 Fla. 418, 24 So. R. 911; Story's Equity Pleading 10th Ed. 662.

"As a general rule the pendency of a prior suit in equity may be pleaded in abatement to the prosecution of a subsequent suit in equity in the same jurisdiction between the same parties and upon the same equity; and the rules governing this ground of abatement are substantially the same in equity as at law." 1 C. J. 46; See also Story's Equity Pleading, 10th Ed. Sec. 658; Mitford's & Tyler's Pleadings and Practice

in Equity, 380; Fletcher's Equity Pleading & Practice, Sec. 257; 1 Street, Federal Equity Practice, 503.

The fact that the plaintiff in the second action might have sought the same relief by a cross-bill or a cross-complaint in a prior action brought against him is not ground for abatement of the second action. 1 C. J. 74.

A plea in equity setting up the pendency of another suit is analogous to such a plea at law, and is in most respects governed by the same principles (Sec. 736, Story's Equity Pleading, 10th ed.). It should set forth the general nature and character and objects of the former suit and the relief prayed and it should state not only that the same issue is joined in the former suit as in the suit before the court, and that the subject matter is the same, but also that the proceedings in the former suit were taken for the same purpose (Sec. 737 Story's Equity Pleading, 10th ed.; 1 Enc. Pl. & Pr. 761). The plea will generally fail where there is a substantial difference in the relief sought in the two suits. 1 C. J. 70.

A plea of another suit pending is very similar to a plea setting up a former judgment or decree; one being in abatement and the other in bar of the proceeding. The identity of the matters involved must be such that a judgment in the first suit could be pleaded in bar as a former adjudication. 1 Enc. Pl. & Pr. 762.

In cases where a former decree or judgment has been set up as a defense to a pending suit, this Court has said:

"A defense of this kind proceeds upon the ground that the same matter was in issue in the former suit, and when such defense is relied upon the defendant should at least set forth so much of the former proceeding as will suffice to show that the same point was then in issue,"

(Marvin v. Hampton, 18 Fla. 131, text 146; DeCosta v. Dibble, 40 Fla. 418, text 422, 24 So. R. 911; Lindsley v. McIver, 51 Fla. 463, 40 So. R. 619; Keen v. Brown, 46 Fla. 487, 35 So. R. 401) and there is no reason why this same principle cannot be applied to a plea setting up the pendency of a former suit.

This Court has followed the general rule that a plea of a prior action pending applies only where plaintiff in both suits is the same person, and both are commenced by himself, and not to cases in which there are cross suits by a plaintiff in one suit who is defendant in the other; in other words, that where the party defendant in the prior suit is plaintiff in the subsequent suit, the first suit cannot be pleaded in abatement of the second. Devant v. Weeks, 78 Fla. 175, 82 So. R. 807; 1 C. J. 82, and see authorities there cited; 1 Enc. Pl. and Pr. 758; 1 Std. Enc. Pl. & Proc. 1018.

The plea here is faulty for several reasons:

First, it does not allege in detail or even generally material parts of the pleadings and proceedings in the former suit so that this court can determine what point was then in issue. In referring to the former pending suit it does allege that:

"The same subject matter is involved as in this suit, that the same parties are included therein and the same facts and circumstances set forth, the same matters and things are to be determined and adjudicated, and that a final determination and disposition of said pending cause will determine and conclude the matters and things herein at issue;"

Further that the bill of complaint in the prior suit:

"Set forth very definite and material facts in support of his said cause of action and prayed for very definite

and certain relief to be granted him by this court of equity; that said bill fully set forth all the facts and circumstances surrounding the giving of the alleged mortgage, the foreclosure of which is sought as the basis of this present cause, and that it was fully set up in said bill of complaint as filed by John C. Horter why the said alleged mortgage should not be held and deemed by this Court to in any wise affect the title or interests which said John C. Horter held in and to the said real estate therein and herein described;"

And also:

"That the final adjudication thereof will absolutely settle and decide the question of the right of the said Commercial Bank & Trust Company, as trustee, a corporation to foreclose the aforesaid mortgage against the said John C. Horter, or its right to affect in any manner, the interest of the said John C. Horter in the said real estate therein described,"

but these allegations are mere conclusions of the pleader, unsupported by allegations of fact upon which an issue can be made.

Second, the plea does not show what relief was sought in the former suit. This is left to conjecture. So far as we are advised by the plea, the relief sought by the complainant in the prior suit (appellant here) might be granted and yet the appellee in the instant suit would be entitled to a decree foreclosing his mortgage.

Third, no facts are alleged in the plea that will take this case out of the general rule that the complainant in both suits must be the same person.

The order appealed from is affirmed and the case will be remanded for further proceedings.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court 'as its opinion, it is considered, ordered and decreed by the Court that the order of the Court below should be, and and the same is hereby, affirmed and the cause remanded for further proceedings.

TERRELL, C. J. AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD J. J., concur.