DREW, Justice.
This is an appeal from a final decree quieting title to certain lands in Dade County in the plaintiff (appellee here), F. M. Dolan.
On July 5, 1926, Fyfe Grain Company acquired title to State and County Tax Certificate No. 4408 for 1925 taxes. On December 13, 1926, Fyfe Grain Company purchased Certificate of Sale No. 184 issued pursuant to the foreclosure of 1925 Southern Drainage District taxes. Both certificates covered the lands involved in these proceedings.
The statute regulating tax sales and foreclosures of Southern Drainage District Taxes at that time (1926) was Chapter 8907, Special Acts of 1921. So far as we are concerned here the pertinent portions of that Act are the following:
“After the sale is confirmed, the collector or commissioner making the sale shall issue to the purchaser or purchasers a certificate of sale, which certificate shall be signed by the said collector or commissioner, and be entitled to be recorded in a book to be designated ‘Drainage Tax Sale Certificate Record, Southern Drainage District, - County,’ which book shall be kept in the office of the Clerk of the Circuit Court.
******
“Redemption of any or all of the lands so sold may be made at any time within two years after the date of sale as shown by the certificate, by any person having an interest in the land sold, upon payment to the clerk of the circuit court of the amount required in this section to be paid by a purchaser of lands sold to him .by the District, and upon compliance with the conditions herein prescribed to be Complied with by such purchaser. Any person entitled to redeem may, within the time herein limited, make application in *214 writing to said clerk, informing the clerk of the description of the land and the approximate date of sale, and said applicant shall also state informally the interest entitling him to such redemption. Said application shall remain on file in the office of said clerk, the clerk shall thereupon, give notice to the purchaser by mailing the same to his last address as shown by the recorded certificate, and shall note such date of mailing on the margin of the certificate, which notice shall contain a description of the land, the date of sale, the amount necessary to redeem, the date of the application, the name and address of the applicant, and the interest claimed as entitling him to such redemption so as to permit such purchaser to take such action in the courts as he may desire. * * *
* * * * * *
“After two years from the date of the sale above mentioned, the Clerk of the Circuit Court of the county in which the land is situated shall list all the lands which have not been redeemed from the effect of such sale and certify the same to the Judge of the Court; thereupon, the Judge shall by decree order and require the collector or court commissioner to execute proper deeds in form to be prescribed by the court, conveying to the purchaser or purchasers of land so sold, which deed shall be witnessed and acknowledged according to lazo, and the title to said land shall thereupon become vested in the purchaser or purchasers as against all others whomsoever; subject however, to the lien for all subsequent annual installments of drainage taxes. All deeds executed and delivered pursuant to this Act shall have the same probative force as deeds executed under judgment and decrees in other civil actions.” (Emphasis supplied.) Section 11 of Chapter 8907, Acts of 1921.
The real hub around which this case revolves and the foundation on which the Special Master’s findings and the lower court’s final decree rests, is whether the State and County Tax Certificate No. 4408, supra, held by Fyfe Grain Company on December 13, 1926 (the date it acquired Certificate No. 184 of .Southern Drainage District) became merged in the title of the Fyfe Grain Company acquired by virtue of the purchase of Certificate No. 184 aforesaid. This is so because the title of defendant (appellant) is founded on the 1926 State and County Certificate No. 4408, so, if such certificate was not merged into and absorbed by some superior title or estate acquired under Certificate No. 184 of Southern Drainage District, the decree of the lower court quieting title in appellee was erroneous. This proposition is recognized by the Master in his extensive and exhaustive findings wherein he states:
“The tax deed to Biggs (appellant’s predecessor in title) is later than the tax deed to Keoskie and Greenstone (appellee’s predecessor in title) * * and in absence of other considerations would be paramount title. * * * ” The Master then finds :
“The question which seems to be the crux of this case is whether the doctrine of merger applies. Fyfe Grain Company on July 5, 1926, became the assignee of State and County Tax Certificate No. 4408, and while holding a lien on the land by virtue of this certificate purchased the land at Commissioner’s sale on December 13, 1926. It did not cancel the State and County certificate assigned to Biggs August 4, 1941. Section 21 of Chapter 7599, Laws of Florida 1917 (page 418 et seq.) provides (after sale) that the Commissioner ‘shall by proper deeds convey to the purchaser * * * provided, that any land owner shall have the right to redeem * * * within one year after the day when the lands-are offered for sale’ (the amendatory Act, Chapter 8907, Laws of Florida 1921, page 767, Section 11, extended the redemption period to two years). The-Commissioner failed to make a deed, but the sale was confirmed and approved by the Court. In the opinion of the Special Master, Fyfe Grain. *215 Company’s title became fixed.” (Emphasis supplied.)
The Master then proceeded to the conclusion that there was a merger and that the legal efficacy of Certificate No. 4408 was extinguished. On these findings the lower Court based its decree.
The Master and the lower Court fell into error because their conclusion was founded on an erroneous assumption, viz.: that the title to the lands became “fixed” or vested in Fyfe Grain Company on December 13, 1926, when it acquired what the Act (Chapter 8907, Acts of 1921) describes as “a certificate of sale”.
The “Certificate of Sale” issued to Fyfe Grain Company was of no greater dignity than the State and County Tax Sale Certificate. Both were liens on the lands involved, — inchoate equitable interests. Neither vested in the holder any legal estate in the land. Spaulding v. Ellsworth, 39 Fla. 76, 21 So. 812; Rice v. Bates, 68 Iowa 393, 27 N.W. 286. In the case of the State and County Certificate it was necessary to take the affirmative action required by Statute to vest the title in the holder. In the case of the Southern Drainage District Certificate it was necessary to wait two years (during which time such certificate could be redeemed) and then, under the conditions prescribed in the statute, the court could require the proper official to “execute proper deeds” to the purchaser whereupon to use the exact language of the statute “the title to said land shall thereupon become vested in the purchaser”. There was no more merger in this instance than there would be if the title to two mortgages in the same land were acquired by the same person.
We have carefully considered the contentions of the appellee that the equities were with him and that the appellant is not in court with clean hands. On these points, however, the Master ruled against his contention and no cross-assignments of error were taken. Moreover, our examination of .the evidence does not convince us that such is the case. In this respect we agree with the views expressed by the Special Master that “there is no conclusive evidence upon which to find fraud,” and he applied this statement to both sides.
In view of our conclusion that there was no merger the decree of the lower court appealed from is hereby vacated and set aside, and the cause is hereby reversed for further proceedings not inconsistent herewith.
Reversed.
ROBERTS, C. J., and TERRELL, SE-BRING and MATHEWS, JJ., concur.
HOBSON, J., not participating.
PARKS, Associate Justice, dissents.