## McCLANNAHAN v. CARPENTER.
No. 68770.

Civil Court of Record, Duval County.

January 18, 1963.

Boggs, Blalock & Holbrook, Jacksonville, for plaintiff.

Emory P. Cain, Jacksonville, for defendant.

TYRIE A. BOYER, Judge.

On October 25, 1962, the plaintiff in this cause, J. T. McClannahan, filed a suit in this court against Willie Carpenter, defendant. On November 19, 1962, the defendant filed a motion to

dismiss, designating two grounds — (1) that the complaint failed to state a cause of action, and (2) that another suit involving the same parties and same subject matter is already pending in the small claims court of this county. The motion to dismiss sets forth the case number of the case in the small claims court and alleges that it was filed on October 15, 1962, but there are not attached thereto any copies of any pleadings allegedly filed in the small claims court.

At the hearing the parties agreed that no service had been effected in the small claims court suit and the plaintiff in this court orally alleged that he had no knowledge, prior to filing this suit, that the defendant had already filed suit in the small claims court. The court continued the hearing and granted oral permission to the defendant to file additional pleadings or affidavits to show what attempts, if any, had been made in the proceeding allegedly pending in the small claims court to effect service. No such amended pleadings or affidavits have been filed. The defendant contends that this court's decision must be governed by rule 1.2 (a), 1954 R. C. P., which provides that — "Every suit of a civil nature shall be deemed as commenced when the complaint is filed; * * *".

This court has considered Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842, and Shurden v. Thomas, Fla., 134 So.2d 876, and finds that neither case is controlling. The Shurden case does, however, contain certain language which is peculiarly applicable to the case at bar, to-wit — "To hold that a race by the parties in litigation as to who can first run to the clerk's office and file a case involving the same subject matter and the same parties, or to hold that whoever the sheriff might happen to serve first, shall irrevocably control the status of the parties, would create chaotic conditions throughout the judicial system. * * *".

Upon consideration the court finds that the complaint does state a cause of action and that the motion to dismiss should be denied on that ground. The court further finds that the motion to dismiss on the ground of a prior pending suit should be denied for two reasons —

*First*, the motion to dismiss is not under oath and there is no affirmative showing of the pendency of a prior suit nor is there any affirmative showing as to the relief sought therein. (See 1 Fla. Jur., Abatement and Revival, §7, and Horter v. Commercial Bank and Trust Co., 99 Fla. 678, 126 So. 909.) A plea of a prior pending suit is very similar to a plea of res adjudicata (Horter v. Commercial Bank and Trust Co., supra), and in pleading same the essential elements must be alleged. (See 19 Fla. Jur., Judgments and Decrees, §166 through §172.)

*Second*, the true point around which this controversy revolves is whether a party may, by the mere filing of a suit, thereby "irrevocably control the status of the parties". As stated in the Shurden case, supra, from whence the foregoing quotation was taken, to so hold "would create chaotic conditions throughout the judicial system". The judicial system, and the high purpose of attempting to obtain justice, cannot be controlled by a footrace to the courthouse. There being no evidence of what attempt, if any, was made in the alleged prior pending suit to effect service, this court finds and holds that the mere allegation that a prior suit is pending between the parties in another court is insufficient to require a dismissal of this suit.

Accordingly, it is ordered and adjudged that the defendant's motion to dismiss, on each and every ground therein stated, is denied and the defendant is allowed 15 days from date hereof within which to file and serve an answer to the complaint.