PER CURIAM.
For the one point meriting discussion herein appellant asks us to reverse an order of the trial court abating this case. We agree with appellant that the order was improper and remand the case to the trial court so that it may continue on its normal course.
In December 1975, appellant Ronald C. Bruns filed a complaint in circuit court seeking to enjoin appellees, as the Board of County Commissioners of Collier County, Florida, and ex-officio Governing Board of Collier County Water-Sewer District, from creating the Collier County Water and Sewer District and acting as the District’s governing board. Subsequently, appellees filed a suit in which they asked the court to validate bonds issued by the Water and Sewer District. Appellant became a defendant in this proceeding pursuant to Section 75.02, Florida Statutes (1975) since he was a resident of Collier County. Appellees next filed a motion in appellant’s case in which they asked the trial court to consolidate the two cases and abate appellant’s case in favor of their own. After a hearing, the trial court entered an order granting appellees’ request for consolidation and abatement.
We find that the trial court erred in abating appellant’s case in favor of ap-pellees’ case. Under the law of abatement, while a subsequent action may be abated in favor of a prior action, a prior action may never be abated in favor of a subsequent action. See State ex rel. Dos Anigos v. Lehman, 100 Fla. 1313, 131 So. 533 (1930). Moreover, both actions must have the same plaintiffs and the same defendants. Horter v. Commercial Bank & Trust Co., 99 Fla. 678, 126 So. 909 (1930). Therefore, the court could not abate appellant’s case because his was the prior action and because the two actions did not have the same plaintiff.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON, A. C. J., SCHEB, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.