644 So.2d 613 (1994)
Bo. G. GREKTORP, Anita W. Grektorp, and Movado Realty, Inc., a Florida corporation, Appellants,
v.
CITY TOWERS OF FLORIDA, INC., a Florida corporation, and City Gardens of Indian Rocks, Inc., a Florida corporation, Appellees.
No. 93-00876.
District Court of Appeal of Florida, Second District.
November 9, 1994.
Marsha Griffin Rydberg and Richard Thomas Petitt of Rydberg, Goldstein & Bolves, P.A., Tampa, for appellants.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellees.
CAMPBELL, Acting Chief Judge.
Appellant, Bo G. Grektorp, appeals the nonfinal order that denied his motion to compel arbitration. Appellants, Anita Grektorp and Movado Realty, Inc., appeal that portion of the same order that denied their motion to abate the proceedings pending arbitration. Although appellants also appeal that portion of the nonfinal order that denied their motion to dismiss, we do not address that issue since the denial of a motion to dismiss is not an appealable order.
Appellees, City Towers of Florida, Inc. and City Gardens of Indian Rocks, Inc., filed an amended complaint alleging that City Towers' president, Bo Grektorp, had breached his fiduciary duties to them, which arose out of his employment contract, by engaging in real estate transactions with his wife, Anita, and with Movado Realty, Inc., a corporation owned by the Grektorps, and by receiving commissions from those dealings contrary to the contractual interests of appellees.
Bo Grektorp moved to compel arbitration of appellees' claims against him pursuant to *614 an arbitration clause contained in his employment contract. That clause provides that "any controversy between the Employee and Employer involving the construction or application of any of the terms, provisions, or conditions of this Agreement shall on the written request of either party served be submitted to arbitration as per rules and regulations of the American Arbitration Association." The court denied appellant's motion to compel arbitration.
Arbitration agreements are a favored means of dispute resolution, and doubts concerning the scope of arbitration clauses should generally be resolved in favor of arbitration. CSE, Inc. v. Barron, 620 So.2d 808, 809 (Fla. 2d DCA 1993). The scope of an arbitration clause depends on the language used in the clause. We construe the arbitration clause here, insofar as it refers to "any controversy ... involving the construction or application of any of the terms, provisions, or conditions of this Agreement ...," to reflect a broad arbitration agreement. (Emphasis added.) See CSE, Inc. We, therefore, reverse that portion of the order on appeal that denied appellant Bo Grektorp's motion to compel arbitration.
As to the appeal by appellants Anita Grektorp and Movado Realty, Inc. of the denial of their motion to abate, that matter is normally reviewable only by certiorari. However, due to the posture of this case and the fact that the matters that are the subject of this appeal all arise out of the same nonfinal order, we quash that portion of the order denying the motion to abate and, on remand, direct that that motion be reconsidered in light of this opinion and section 682.03(3), Florida Statutes (1991).
ALTENBERND and QUINCE, JJ., concur.