NORTHCUTT, Judge.
 

 Robert Relinger seeks a writ of certiora-ri to quash an order that abated his suit against Beverly and Russell Fox. We grant the petition.
 

 Relinger is the personal representative of the estate of Robert Fox, and he is administering a 1984 will by Fox, who died on January 23, 2009. Beverly and Russell Fox are the decedent’s siblings, and they have produced a 2007 trust document and pour-over will. They filed a petition for revocation of the 1984 will, and Beverly Fox filed a petition for administration of the 2007 will. Relinger has challenged the later will, claiming that it was improperly executed and was the product of undue influence.
 

 Relinger also filed a separate civil action attacking the validity of the trust. In addition to the Foxes, he sued Citigroup Global Markets, Inc., d/b/a Citi Smith Barney, which allegedly holds trust funds. In that action, Relinger seeks a declaration that the trust is invalid based on allegations that it contains testamentary provisions but was not executed with the required formalities, that the decedent lacked capacity at the time of execution, and that the trust was procured by undue influence. In addition, Relinger seeks supplemental and injunctive relief to gather, account for, and preserve the decedent’s trust property, which would belong in the estate if the trust was invalidated. The circuit court granted the Foxes’ motion to abate this action due to the pending proceedings in probate.
 

 The Foxes have moved to dismiss Relinger’s petition to review the abatement on the ground that he cannot demonstrate the irreparable harm that is a jurisdictional prerequisite for certiorari review.
 
 See Dees v. Kidney Group, LLC,
 
 16 So.3d 277, 279 (Fla. 2d DCA 2009). But it has been held that an abatement order is properly reviewable by certiorari because an appeal from an eventual final judgment would not be an adequate remedy for the
 
 *640
 
 delay caused by abatement.
 
 Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc.,
 
 632 So.2d 138, 139 (Fla. 4th DCA 1994);
 
 see also Int’l Surplus Lines Ins. Co. v. Markham,
 
 580 So.2d 251 (Fla. 2d DCA 1991) (reviewing order of abatement by petition for certiorari). Accordingly, we deny the motion to dismiss.
 

 Having dealt with the question of our jurisdiction, we also conclude that the abatement of Relinger’s action was a departure from the essential requirements of law. Abatement requires a strict identity of parties between the two suits, and it can be ordered only when the plaintiffs and the defendants in the actions are the same.
 
 Bruns v. Archer,
 
 352 So.2d 121, 122 (Fla. 2d DCA 1977).
 

 [T]he general rule [is] that a plea of a prior action pending applies only where plaintiff in both suits is the same person, and both are commenced by himself, and not to cases in which there are cross-suits by a plaintiff in one suit who is defendant in the other; in other words, that, where the party defendant in the prior suit is plaintiff in the subsequent suit, the first suit cannot be pleaded in abatement of the second.
 

 Horter v. Commercial Bank & Trust Co.,
 
 99 Fla. 678, 126 So. 909, 912 (1930). Abatement may be ordered only where the identities of parties in the actions are exact “because the court is'necessarily projecting the effect of a case which has not been tried and a judgment which has not yet been rendered.”
 
 Burns v. Grubbs Constr., Inc.,
 
 174 So.2d 476, 478 (Fla. 3d DCA 1965). Here, Relinger is the plaintiff in the later civil action challenging the validity of the trust, but he is the defending party in the Foxes’ probate action seeking to establish the validity of the concomitant will. This critical difference rendered abatement inappropriate in this case.
 

 The courts do not favor abatement, and “the party asserting it must clearly show that he is within the reason for its enforcement.”
 
 Moresca v. Allstate Ins. Co.,
 
 231 So.2d 283, 285 (Fla. 4th DCA 1970) (footnote omitted);
 
 see also Horter,
 
 126 So. at 912 (“Pleas in abatement are not favored by the courts, and the greatest strictness is applied to them....”).
 

 It may be that the circuit court was concerned because the two actions raise similar, if not identical, questions about the decedent’s capacity, whether he was unduly influenced, and whether the necessary formalities were met. But other procedures are available to address any problems caused by the pendency of two similar actions, such as a consolidation of the actions or a limited stay of one of them.
 
 Moresca,
 
 231 So.2d at 286 n. 5;
 
 see also Martin v. Martin,
 
 687 So.2d 903, 907 (Fla. 4th DCA 1997) (“We know of no reason why a will contest pending in the probate division of the circuit court and an action involving the validity of a trust pending in the civil division of the circuit court cannot be consolidated under appropriate circumstances, such as where ... the factual issues are the same.”). The Foxes argue that we should view the circuit court’s action “in essence” as a consolidation; we cannot. The circuit court granted their motion to abate, and in doing so, it departed from the essential requirements of law causing irreparable harm. We must therefore quash the order of abatement.
 

 In conjunction with his civil action, Re-linger filed a motion to compel discovery from Beverly Fox. She objected and moved for a protective order. In addition to abating the suit, the circuit court denied the motion to compel and granted the motion for protective order. These discovery orders stem from the circuit court’s decision to grant abatement, and we are confident that the court will reconsider the
 
 *641
 
 motions to compel and for protective order in light of our decision.
 
 See Grektorp v. City Towers of Fla., Inc.,
 
 644 So.2d 613, 614 (Fla. 2d DCA 1994) (reversing denial of motion to compel arbitration and directing reconsideration of motion to abate, which arose out of same nonfinal order).
 

 Petition granted; orders quashed.
 

 WALLACE and MORRIS, JJ., Concur.