P. M. POPPELL, *Plaintiff in Error,* v. C. T. CULPEPPER, *Defendant in Error.*

| 56 | 515 |
|----|-----|
| 56 | 412 |
| 56 | 679 |
| 57 | 125 |
| 57 | 216 |
| 56 | 515 |
| 59 | 301 |

1. The object of the statute and rule in requiring the cause of action, or copy thereof, to be filed with the declaration, is to have the plaintiff apprise the defendant of the nature and extent of the demand alleged against him in order that he may plead thereto with greater certainty. The statute and rule do not make the cause of action filed with the declaration a part thereof so as to supply an essential allegation omitted from the declaration.

2. Applications to vacate dismissals entered by the clerk pursuant to a rule of the court are addressed to the sound judicial discretion of the trial court, and rulings thereon will not be disturbed by an appellate court unless an abuse of discretion is made to appear.

3. Rule 14 of Circuit Court Rules requires the clerk to enter an order of dismissal when the cause of action or a copy thereof is not filed with the declaration or is not served on the defendant as provided by the rule; but such order is subject to review by the court, and if the court finds that the cause of action had been served "upon the defendant's attorney as required by Rule 14" and vacates the dismissal, such action of the court will not be reversed in the absence of a showing of abuse of discretion.

4. While the orders dismissing and reinstating causes are a part of the record proper, in an action at law; yet when the motions to dismiss and to reinstate causes are based upon matters *in pais,* such motions are not a part of the record proper; and the motions together with the evidence relating to them and the rulings of the court thereon and the exceptions taken to the rulings should be incorporated in a proper bill of exceptions if a review thereof by an appellate court is desired.

5. Under the rules of practice in this State the plea of *nil debit* is not permissible in any action, and the plea of *non assumpsit* is inadmissible to the common counts. The plea of "never was indebted" presents the general issue on the common counts.

6. Special pleas that present irrelevant or immaterial matter, or matters within the general issue may properly be stricken on motion.

7. A plea that tends to confuse the issues being tried may be stricken, therefore sustaining a demurrer to such a plea may not be material error.

8. When an account stated is shown the items constituting it are *prima facie* correct and it is not error to refuse to enquire into them in the absence of an assertion of fraud, mistake or error by the party seeking to impeach the correctness of the account stated.

9. It is not error to exclude irrelevant testimony.

This case was decided by Division A.

Writ of Error to the Circuit Court of Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis* and *S. S. Sandford,* for plaintiff in error;

*T. B. Adams, for defendant in error.*

WHITFIELD, J.—The declaration filed July 1, 1907, by the defendant in error, C. T. Culpepper, against P. M. Poppell, contains common counts for money payable for goods, wares and merchandise bargained and sold, for money lent, for money had and received, and for money due on account stated.

On August 5, 1907, the clerk entered an order stating that, "it appearing from the files and affidavits by counsel for defendant that a bill of particulars was not filed with the declaration or copy thereof served on the defendant

as required by law, the motion to dismiss is hereby granted."

The court vacated the dismissal and reinstated the cause, stating in the order a finding that there was "a service of the bill of particulars upon the defendant's attorney as required by rule 14." The motions and affidavits in support thereof to dismiss and to vacate the dismissal appear in the record proper, but not in the bill of exceptions.

Pleas of "not indebted" and "never promised as alleged," were stricken, as were also special pleas setting up irrelevant matters, or matters that may be covered by the general issue. A demurrer was sustained to an argumentative plea concluding with a tender of the balance averred to be due.

The cause was tried upon pleas of "never was indebted," payment, denial of indebtedness except amount tendered, and that the property was taken in attachment proceedings and held to belong to plaintiff and another. A replication to the last plea alleges that the property was not taken from defendant under the attachment proceedings and that a credit is due defendant for the amount paid by him in satisfaction of the attachment claim. The plaintiff obtained judgment and the defendant took writ of error.

The order vacating the clerk's dismissal of the cause is assigned as error.

Section 1449 of the General Statutes requires "all bonds, notes, bills of exchange, covenants and accounts upon which suit may be brought, or a copy thereof, shall be filed with the declaration."

Rule 14 of Circuit Court Rules in Common Law Actions provides that "all bonds, notes, bills of exchange, covenants, contracts, and accounts upon which suit may

be brought, or a copy thereof, shall be filed with the declaration * * * and in default thereof the defendant shall not be bound to plead to the declaration until a copy of the cause of action has been served upon him, in which event he shall be held to file his plea at the next rule day thereafter. If such copy of the cause of action is not served ten days before the rule day succeeding the filing of the declaration, * * * the cause shall stand dismissed upon that rule day, and the clerk shall enter an order accordingly."

The object of the statute and rule in requiring the cause of action, or a copy thereof, to be filed with the declaration, is to have the plaintiff apprise the defendant of the nature and extent of the cause of action alleged in order that he may plead thereto with greater certainty. Waterman v. Mattair, 5 Fla. 211; Robinson v. Dibble's Admr., 17 Fla. 457; First Nat. Bank of Florida v. Savannah, F. & W. Ry. Co., 36 Fla. 183, 18 South. Rep. 345; Royal Phosphate Co. v. VanNess, 53 Fla. 135, 43 South. Rep. 916. The statute and rule do not make the cause of action filed with the declaration a part thereof so as to supply any essential allegation of fact omitted from the declaration. Milligan v. Keyser, 52 Fla. 331,' 42 South. Rep. 367; Lord v. F. M. Dowling Co., 52 Fla. 313, 42 South. Rep. 585.

Under the rule it is the duty of the clerk to enter an order dismissing the cause if the cause of action or a copy thereof is not filed with the declaration, and a copy thereof is not served on the defendant ten days before the rule day succeeding the filing of the declaration.

The court has the power to review the action of the clerk in entering the order of dismissal; and if it is made to appear to the court that the plaintiff was in fact not in default in serving a copy of the cause of action as

required by the rule, the court may vacate the order of dismissal and reinstate the cause.

Applications to vacate dismissals entered by the clerk pursuant to a rule of court are addressed to the sound judicial discretion of the trial court, and rulings thereon will not be disturbed by an appellate court unless an abuse of discretion is made to appear.

The trial court found that service of the cause of action had been made "upon the defendant's attorney as required by rule 14." There is nothing in the bill of exceptions to show error in this finding, and the order vacating the dismissal will of course not be reversed.

While the orders dismissing and reinstating causes are a part of the record proper, in an action at law, yet when the motions to dismiss and to reinstate causes are based upon matters *in pais,* such motions are not a part of the record proper; and the motions together with the evidence relating to them and the rulings of the court thereon and the exceptions taken to the rulings should be incorporated in a proper bill of exceptions if a review thereof by an appellate court is desired.  See Livingston v. L'Engle, 22 Fla. 427; Marsh v. Bennett, 49 Fla. 186, 38 South. Rep. 237; Pine v. Anderson, 22 Fla. 330; Florida Cent. & P. R. Co. v. Luffman, 45 Fla. 282, 33 South. Rep. 710; Maddox v. Barr, 49 Fla. 182, 38 South. Rep. 766; Reyes v. State, 49 Fla. 17, 38 South. Rep. 257; Ray v. Trice, 48 Fla. 297, 37 South. Rep. 582.

The court properly struck the plea of "not indebted," and "never promised as alleged."

"The plea of *nil debit* shall not be allowed in any action."  Circuit Court Rule 68.  The plea of *non assumpsit* is inadmissible to the common counts.  "Never was indebted presents the general issue on the common counts."  Circuit Court Rule 64.

The special pleas that presented irrelevant or immaterial matter or matter within the general issue were properly stricken on proper motion. Little v. Bradley, 43 Fla. 402, 31 South. Rep. 342; State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. Rep. 230; Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 South. Rep. 507; Russ v. Mitchell, 11 Fla. 80; Consumers' Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318.

The court did not err in sustaining a demurrer to a plea admitting the receipt of the property by defendant and averring argumentatively part payment and tendering a balance. The plea tends to confuse the issues and may have been stricken; consequently it was not error to sustain a demurrer thereto. See Knight v. Dunn, 47 Fla. 175, 36 South. Rep. 62; Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241.

There was no error in permitting the plaintiff to testify as to the amount of the inventory of the goods as it sufficiently appeared the original inventory was not in the plaintiff's possession even if this was necessary under the circumstances of this case.

When an account stated is shown the items constituting it are *prima facie* correct and it is not error to refuse to enquire into them in the absence of an assertion of fraud, mistake or error by the party seeking to impeach the correctness of the account stated. See Daytona Bridge Co. v. Bond, 47 Fla. 136, 36 South. Rep. 445.

Testimony as to payments for goods not received from the plaintiff and not included in the account stated is irrelevant and was properly excluded where recovery on the common counts is sought.

The evidence is sufficient to sustain the verdict, and no

error appears in the denial of a motion for new trial on the ground of newly discovered evidence.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.