C. H. BARNES, *Plaintiff in Error*, v. WALTER W. CARR, *Defendant in Error*.

Opinion Filed Feb. 4, 1913.

1. Service of a copy of an amendment filed by leave of court, to avoid a ground of demurrer, is sufficient notice.

2. This court will not reverse upon a theory of the pleading which admittedly would be of no avail.

3. A plea denying that a negotiable note was endorsed and delivered before maturity is defective, in not showing equities as between the original parties thereto.

4. Upon sustaining demurrer to pleas the court may immediately or thereafter enter judgment final upon the demurrer.

Writ of Error to the Circuit Court for Duval County.

Judgment affirmed.

*H. L. Anderson,* for Plaintiff in Error;

*Fleming* & *Fleming* for Defendant in Error.

COCKRELL, J.—Carr recovered judgment against Barnes on a promissory note, which was originally made by Barnes and one J. C. Angier, who died before the action was begun.

The declaration alleges the making of the note, payable to the order of J. R. Kenny, and that the said Kenny before maturity endorsed and delivered the note to Carr for value.

The original declaration being against Barnes and the administrator of J. C. Angier, deceased, a demurrer directed to this misjoinder was interposed, whereupon the plaintiff by leave of court amended his declaration, a confession of the demurrer, by dismissing the cause as to the administrator. We see no occasion for formal notice to the defendant of the application for this amendment; the defendant was served with a copy of the amended declara-

tion and had ample opportunity to plead thereto. Common Law Rule 30.

Two sets of pleas were filed. Upon sustaining a demurrer to the first set, leave was granted to plead anew, but no such leave was granted when the second set of pleas was held bad on demurrer. Without applying to the court for leave, a third set of pleas was filed in the clerk's office. These were ignored and the plaintiff obtained final judgment from the court upon the demurrer, upon presentation of the note sued on.

The chief contentions of error relied on here depend upon two pleas. The one denying that the plaintiff is the holder of the note, and the other denying that Kenny endorsed and delivered the note to the plaintiff.

It is difficult to perceive precisely what issue of fact is attempted to be raised by the former plea. It is argued here that it denies that the plaintiff has physical possession or control over the note. If such be the true construction, it would be idle to send the cause back for the trial of such issue, seeing that it is admitted that the original note is actually on file in this cause, placed there by Carr when he obtained his final judgment, and there is no suggestion in the plea that the possession is *mala fide*.

From the reading of the other pleas, sworn to by Barnes, it is more than probable that the plea sought to raise the legality of the ownership and as such fell short in necessary averments.

The other plea is also fatally defective. In order to shut off equities as between the original parties to the note, the plaintiff alleged endorsement and delivery for value before maturity. If the maker would defend

against the note, upon the ground that the plaintiff was
not a holder in due course, or that the note had lost its
negotiable character, it would have been necessary to set
up in addition some fact that would be a defense as
against the original payee, which was not due. The plea
does not deny that Carr paid value for the endorsement,
which under the Negotiable Instrument Law entitled him
at any time to have the physical endorsement made, nor
does the plea set up that the plaintiff obtained possession
of the note in bad faith.

These pleas, as well as others filed, go not to the lia-
bility of the maker upon the note, but only to the right
of the plaintiff to his action upon it; there are no pleas
tending to show that the note in its inception was not
in all respects legal and binding, or that it was not de-
livered in regular order to the payee named therein, nor
is there any plea that goes to the extent of denying that
Carr is the bona fide holder of the note. The note filed
with the judgment shows an endorsement by Kenny to
Carr. The plea does not state Kenny never endorsed nor
delivered the note, but that it was not done as stated
in the declaration, that is before maturity, which was
not a material allegation essential to a cause of action,
until it further appeared that its negotiability destroyed
the action.                              ,

It is also argued that the final judgment was erroneous,
in that it was entered two or three weeks after the order
sustaining the demurrer, and not immediately as it might
have been done. It does not appear how this delay could
possibly have worked to the injury of the party com-
plaining. The delay gave him time within which to ap-
ply for further leave to plead, of which he did not avail
himself. The attempted filing of the pleas with the clerk,
was without any justification or shadow of right and was

properly ignored by the court. The other pleas overruled raised questions of law rather than of fact, or presented immaterial issues.

The judgment is affirmed.

SHACKLEFORD, C. J., and TAYLOR, HOCKER and WHIT-FIELD, J. J.. concur.