JOHN C. DAVANT, JR., *Plaintiff in Error*, v. PETER L. WEEKS, *Defendant in Error*.

Opinion Filed July 29, 1919.

1. A plea in abatement setting up a prior suit pending, should allege that such prior suit was pending at the time of the filing of such plea.

2. A plea in abatement, setting up a prior suit pending, should allege that the party plaintiff in the respective suits is the same.

3. Where please have been pronounced insufficient upon demurrer, the defendant is *not*, as matter of course, entitled to plead *de novo*.

4. The court may, on sustaining demurrer to please, immediately or thereafter enter final judgment on demurrer.

5. In order that the ruling of the court, in refusing to permit the defendant to file plea after demurrer to pleas sustained, be reviewed in this court, it should be brought up by bill of exceptions.

6. The ruling of the trial court in denying a motion to vacate a judgment, the motion being based upon affidavits and other evidence in support thereof, will not be reviewed by this court unless brought here by bill of exceptions.

A Writ of Error to the Circuit Court for Hernando County; W. S. Bullock, Judge.

Judgment affirmed.

*L. W. Duval*, for Plaintiff in Error;

*George C. Martin*, for Defendant in Error.

CAMPBELL, Circuit Judge.—Peter L. Weeks, as plaintiff, instituted suit in the Circuit Court of Hernando County, Florida, on the 18th day of May, 1917, against John C. Davant, Jr., defendant. The declaration alleges the following: "that the defendant on the 30th day of November, A. D. 1913, by his promissory note now overdue, promised to pay the First National Bank of Brooksville, Florida, $1500, three months after date, with interest from maturity, at the rate of ten per cent. per annum, but did not pay the same, except the sum of $750.00. Plaintiff alleges that said note was duly endorsed to him by said bank maturity. Said promissory note contains the following stipulation: 'Now should it become necessary to collect this

note through an attorney, each of us whether maker, security or endorser on said note, hereby agrees to pay all costs of such collection, including a 10 per cent. attorneys' fee.'

"Plaintiff alleges that the defendant failed to pay said note at maturity except the sum of $750.00, and that it has been necessary to collect same through an attorney. Plaintiff therefore sues and claims the sum of $750.00 with interest thereon at the rate of 10 per cent. per annum from February 28th, 1914, together with the further sum of 10 per cent. on said $750.00 as attorneys' fee in this case." A copy of the note with its endorsements being filed with the declaration.

To this declaration the defendant filed a demurrer, which on September 8, 1917, was overruled and the defendant allowed fifteen days within which to plead to the declaration.

On October 11th, 1917, the defendant filed a plea in abatement, a demurrer to which was, on October 22nd, 1917, sustained by the court below, and a judgment entered upon the demurrer for the plaintiff in the sum of $1022.92 principal and interest, and $75.00 attorney fees.

The defendant sued out a writ of error from this judgment, and has assigned three errors in the court below.

The first assignment of error is "That the trial court erred in overruling demurrer to the declaration herein, by order filed September 29th, 1917."

We have quoted above the declaration, the grounds of demurrer are:

"1. That the declaration states no cause of action against this defendant.

"2.   That the said declaration states no facts showing the right on the part of the plaintiff to maintain  this suit.

"3.   That there is a variance between the statements of the said declaration setting up or attempting to set up the cause of action."

We have considered this demurrer to the declaration and we fail to see any merit in the assignment of error, which questions the ruling of the court below in overruling this demurrer.   We have repeatedly held that the cause of action attached to the declaration forms no part of the declaration unless made so by apt words.  See Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351; Hooker v. Gallagher, 6 Fla. 351; Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992; Groves v. McLaurin, 66 Fla. 230, 63 South. Rep. 439.

The plaintiff in error contends that in considering this demurrer two questions arise:

1.   Did the parties signing the note intend to make it an instrument under seal;

2.   Is P. L. Weeks a joint maker?

These are questions that cannot be reached by the demurrer to the declaration.  The note sued upon, copy of which is filed as "a copy of the cause of action," is not a part of the declaration, and in passing upon the demurrer, matters appearing upon the face of the "copy of the cause of action" filed cannot be considered.

The declaration clearly showed upon its face that the plaintiff was the holder of the note, with authority to bring suit, and we fail to find wherein the court erred in overruling the demurrer.

The second assignment of error questions the order of the court below, in sustaining the demurrer to the de-

fendant's plea in abatement, and in entering final judgment upon the demurrer in its order filed October 23rd, 1917.

The defendant by leave of the court after demurrer to declaration was overruled and leave granted to plead to the declaration, filed a plea in abatement instead of a plea in bar or to the merits of the cause. The plea in abatement being as follows: "Now comes J. C. Davant, the defendant in the above stated case and for plea in abatement therein says: First, that on the day of the commencement of this suit there was pending in said court a certain cause wherein the First National Bank of Brooksville, Florida, was plaintiff and this defendant was defendant, that the plaintiff herein was at said time, and still is Vice-President of the said bank, and that the said suit was brought on the note sued on herein. Wherefore, this defendant says that this suit should not be had and maintained, and prays that the same be dismissed."

To this plea in abatement the plaintiff demurred (1) because it sets up no defense to the action; (2) the plea does not allege the identity of the party plaintiff in the instant suit with the party plaintiff, wherein The First National Bank of Brooksville, Florida, was the plaintiff and J. C. Davant was defendant."

The demurrer was sustained by the court below on October 22nd, 1917. In its order the court refused to allow further time to file pleas, and entered judgment upon demurrer. The second assignment of error, as we have said, questions this ruling of the court below.

We think the plea in abatement was subject to demurrer. In the first place, it does not allege that the prior suit was pending at the time the plea was filed. This court in the case of Glasser v. Hackett, 37 Fla. 358, 20

South. Rep. 532, has held that a plea in abatement setting up a former suit pending must show that the former action is still pending when the plea is filed. See also 1 Corpus Juris, page 94, paragraph 131.

The plea was also subject to demurrer in that it shows upon its face that the party plaintiff in the first alleged suit against the defendant is not the same as the party plaintiff in the instant suit. A plea in abatement setting up a former suit pending, should allege that the party plaintiff in the respective suits is the same. The plea in abatement in this case does not meet this requirement. 1 C. J. p. 76, par. 101; Bennett v. Chase, 21 N. H. 570. The court below did not err in sustaining the demurrer to the defendant's plea in abatement.

Under the second assignment of error, we are next to determine if the court erred in refusing to permit the defendant to file further pleas, and in entering judgment for the plaintiff upon the demurrer.

This court has held that where pleas have been pronounced insufficient upon demurrer it is not as a matter of course that the defendant may plead de-novo. See Garling v. Priest, 13 Fla. 559. In the same case we held that "the judge should exercise a sound discretion in permitting new pleas to be filed and should inspect the plea offered, and if it is a mere repetition of a previous plea, or is not a good defense, or seems to be interposed for delay, or there is any other good reason, he should refuse leave to file it." We have also held that on sustaining demurrer to pleas the court may immediately or thereafter enter final judgment on the demurrer. Barnes v. Carr, 65 Fla. 87, 61 South. Rep. 184.

The court in its order sustaining the demurrer to the plea in abatement and entering final judgment says the

following with reference to the entry of the judgment: "And it is further ordered and adjudged that Peter L. Weeks, the plaintiff, do have final .judgment upon said demurrer against John C. Davant, the defendant, the defendant asking leave to plead over, by telegram, to court, but no plea is tendered nor any showing that defendant has any defense to plead, and no reason shown why any such defense was not filed with the plea in abatement, the application be and the same is denied." Then follows the entry of the judgment upon the demurrer.

In order that the ruling of the court refusing to permit the defendant to file plea, after demurrer to plea in abatement sustained, be considered by this court, it should be brought here by bill of exceptions. See Muller v. Ocala Foundry & Machine Works, 49 Fla. 189, 38 South. Rep. 64; Cosmopolitan Fire Ins. Co. v. Putnal, 60 Fla. 41, 53 South. Rep. 444; Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351.

The refusal of the court to permit the defendant to plead over should be brought here by bill of exceptions.

From what has been said then the ruling of the court in refusing to permit defendant to file plea after demurrer to plea in abatement sustained, is not properly before us, the court below is presumed to have exercised a wise discretion, and there is nothing properly before us to show an abuse of discretion upon the part of the court in denying the defendant the privilege of filing pleas.

We find no error in the court's entering judgment upon the demurrer.

The plaintiff in error assigns as a third error "that the trial court erred in refusing to vacate the judgment by order filed November 27th, 1917."

There is copied in the transcript of the record, a motion upon the part of the defendant, to vacate the judgment, entered upon the sustaining of demurrer to the plea in abatement. Among the grounds for the motion we find: "2. Because the record and affidavit attached hereto shows that the plaintiff was one of the makers of the joint note sued on herein and had no right and could have no status in said matter other than a maker of said paper."

5th. Because the note offered in evidence does not sustain the allegations of the declaration. The plaintiff in error failed to procure a bill of exceptions embracing this motion, the affidavits and other evidence offered in support thereof, together with the order of the court thereon. In order that such a motion to vacate judgment be considered it is necessary that they be brought here by a bill of exceptions. See Fidelity & Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 South. Rep. 991; Thomas v. Walden, 57 Fla. 234, 48 South. Rep. 746.

Finding no reversible error, the judgment of the court below should be affirmed.

Per Curiam.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

Browne, C. J., and Taylor, Whitfield, Ellis and West, J. J., concur.