**ROBERT M. HARRIS and T. CARLOS HENSLEE, as Executors of the Estate of R. C. Perky, deceased, v. ALLAN SMITH.**

7 So. (2nd) 343                                    Division A
March 20, 1942              Rehearing Denied April 17, 1942

Thomas H. Anderson, for plaintiffs in error.
Garland W. Spencer, for defendant in error.

BUFORD, J.:

Writ of error brings for review the final judgment in favor of plaintiff in a suit wherein the declaration was as follows:

"Plaintiff, Allan Smith, by and through his attorney, Garland W. Spencer, sues the defendants Robert M. Harris, and T. Carlos Henslee as executors of the estate of R. C. Perky, deceased, for that R. C. Perky during his lifetime was on, to-wit: the 1st day of March, 1940, indebted to Sanford Machine Company, Inc., a corporation, and still is indebted to the plaintiff in the sum of Five Hundred Forty-two Dollars & 64/100 ($542.64) for:

"1. Money payable by the defendants as executors of the estate of R. C. Perky, deceased, for goods bargained, sold and delivered by Sanford Machine Company, Inc., a corporation, to R. C. Perky during his lifetime.

"That plaintiff duly purchased said account from C. M. Hand as Sheriff of Seminole County, Florida, at a judicial sale held for the purpose of selling all of the assets of Sanford Machine Company, Inc., a corporation, and plaintiff is now the owner and holder of said account.

"2. Money payable by the defendants as executors of the estate of R. C. Perky, deceased, for goods bargained and sold by Sanford Machine Company, Inc., a corporation, to R. C. Perky during his lifetime.

"That plaintiff duly purchased said account from C. M. Hand as Sheriff of Seminole County, Florida, at a judicial sale held for the purpose of selling all of the assets of Sanford Machine Company, Inc., a corporation, and plaintiff is now the owner and holder of said account.

"3. Money payable by the defendants as executors of the estate of R. C. Perky, deceased, for work done and material furnished by Sanford Machine Company, Inc., a corporation, for R. C. Perky during his lifetime and at his request.

"That plaintiff duly purchased said account from C. M. Hand as Sheriff of Seminole County, Florida, at a judicial sale held for the purpose of selling all of the assets of Sanford Machine Company, Inc., a corporation, and plaintiff is now the owner and holder of said account.

"4. Money payable by the defendants as executors of the estate of R. C. Perky, deceased, for money found to be due from the said R. C. Perky during his lifetime to Sanford Machine Company, Inc., a corporation, on accounts stated between them.

"That plaintiff duly purchased said account from C. M. Hand as Sheriff of Seminole County, Florida, at

a judicial sale held for the purpose of selling all of the assets of Sanford Machine Company, Inc., a corporation, and plaintiff is now the owner and holder of said account.

"Wherefore, plaintiff brings this his suit and claims damages of and from the defendants in the sum of Twelve Hundred Fifty Dollars ($1,250.00)."

"To the declaration defendants filed a plea as follows:

"The defendants for plea to the declaration say, that the cause of action sued on it the balance of the purchase price of one Venn Severin Diesel Engine which was sold by Sanford Machine Co., Inc., a corporation, whose principal place of business was Monroe County, Florida; that in accordance with the contract of sale said machinery was to have been delivered in good condition in Monroe County, Florida; that the plaintiff claims that the contract of sale was made by the Sanford Machine Company, Inc., and R. C. Perky, who at all times material to this action was the President of Perky Properties, Inc., that the said R. C. Perky lived and was domiciled in Monroe County, Florida, and that he died on March 15, 1940, and his last Will and Testament was duly admitted to probate and record in Monroe County, Florida, and the defendants, to whom letters testamentary on said Will were issued, live and are domiciled in Dade County, Florida, and that the cause of action, if any exists, accrued in Monroe County, Florida."

Demurrer to the plea was filed and sustained and defendants allowed further time in which to plead.

Thereafter, defendants filed plea as follows:

"The defendants, by their undersigned attorney, as to each count of the declaration say that R. C. Perky never was indebted as alleged:"

And a second plea, as follows:

"The defendants say that the money sued for represents the balance allegedly due to the plaintiff's assignor on account of the sale of a diesel engine which Sanford Machine Company, Inc., sold to R. C. Perky in his lifetime and agreed to install in good condition at Perky, Monroe County, Florida, and for the purpose of operating an electric light plant which was used to illuminate certain property belonging to Perky Properties, Inc., a corporation, at Perky, Florida; that said diesel engine was not properly equipped for such purpose and has always been and still is worthless for the purpose for which it was purchased."

Plaintiff then filed motion to strike pleas, which motion was as follows:

"Comes now the plaintiff Allan Smith by and through his attorney Garland W. Spencer and moves the Court to strike the plea that 'R. C. Perky never was indebted as alleged' and for grounds for said motion shows unto the Court:

"1.   That said plea is a sham.

"2.   That said plea is inherently false in fact.

"3.   That said plea was interposed for no purpose other than delay.

"4.   That the said R. C. Perky during his lifetime never denied owing the account sued upon in this cause.

"And plaintiff also moved the Court to strike the second plea filed by the defendants herein and for grounds for said motion shows unto the Court:

"1. That said second plea is a sham.

"2. That said second plea was not filed within the time allowed by the Court and no authority for allowing the same has been granted by the Court.

"3. That said plea is inherently false in fact.

"4. That said plea was interposed for no other purpose than delay.

"That plaintiff attaches hereto a sworn statement of said account together with good and sufficient affidavits that said account was owed by the said R. C. Perky during his lifetime and is now still owed by his said estate and that the same is long past due and unpaid."

With the motion to strike, affidavits were filed setting up in detail the transactions between Perky during his lifetime and Sanford Machine Company, Inc., to which were attached statements of account, and also affidavits showing the proof of claim had been filed in the County Judge's Court of Monroe County where the estate of R. C. Perky was being administered, and also showing that no notice to creditors had ever been published by the Executors under the Will of Perky.

After notice to opposing counsel, plaintiff brought on for hearing his motion to strike. On hearing the circuit court struck the first plea as sham and the latter plea because it was not filed in due time and was not filed with approval and consent of the Court.

Plaintiffs in error have presented several questions for our consideration, the contention being that the

allegations of the declaration are insufficient to support a final judgment. The declaration does not entirely fail to state a cause of action and, as the sufficiency of the declaration was not challenged by demurrer, we cannot hold that under the proof submitted the declaration was not sufficient to support the judgment.

It is next contended that the orders of the circuit court on pleadings were erroneous.

The first plea to which demurrer was sustained was insufficient to constitute either a plea in bar or a plea in abatement because of lack of sufficient allegations contained in the plea. That the first additional plea filed subsequent to the sustaining of the demurrer as to the first plea was subject to motion to strike is apparent. See Rhea v. Hackney, 117 Fla. 62, 157 Sou. 190; Guaranty Life Ins. Co. of Fla. v. Hall Bros. Press, Inc., 138 Fla. 176. 189 Sou. 243; Common Law Rule 22.

As stated, supra, the latter plea was filed after time and without leave of the Court and was filed after previous pleas had been held defective. No abuse of discretion is shown to have been exercised in striking the plea. See Edwards v. Knight, 104 Fla. 16, 139 Sou. 582; Randall v. Mickle, 103 Fla. 1229, 138 Sou. 14, 141 Sou. 317; Franklin Phosphate Co. v. International Harvester Co., 62 Fla. 185, 57 Sou. 206, Ann. Cas. 1913C, 1247; Davant v. Weeks, 78 Fla. 175, 82 Sou. 807; Garlington v. Priest, 13 Fla. 559.

The record fails to show that the defendants appeared at the hearing of which they had notice, as stated, supra; nor does it show that any effort was made to support the allegations of the pleas.

It will be observed also that there was no denial by plea that the plaintiff was the owner and holder of the chose in action sued on. It is well settled that an assignee of a chose in action arising out of contract may sue in his own name and right. Spears v. West Coast Building Supply Co., 101 Fla. 980, 133 Sou. 97.

Choses in action are subject to execution only when made so by statute *or are voluntarily given up to be sold on execution.* (Emphasis supplied.) 23 C.J. 325-326; see cases cited under text.

The question of whether or not the chose in action had been voluntarily given up to be sold on execution was one which could have been raised by a plea denying the ownership of the chose in action by the plaintiff. This question was not presented.

On the whole record, no reversible error is made to appear and, therefore, the judgment is affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.