TILLMAN PEARSON, Judge.
The appellants were the garnishors in the trial court and the appellee, Bituminous Casualty Corporation, was the garnishee. The appeal is from a final order which quashed the writ of garnishment and denied garnishors’ motion to strike certain portions of the garnishee’s answer to the writ.
The record reveals that on the 8th day of August, 1963, the appellants, as plaintiffs, received a final judgment against Grubbs Construction, Inc. Thereafter, on June IS, 1964, the appellants filed a • garnishment affidavit and secured a writ of garnishment directed to Bituminous Casualty Corporation for an alleged indebtedness to the Grubbs Construction, Inc. In answer the appellee, Bituminous, filed an affidavit in part as follows:
“1. There is presently pending in the Circuit Court of the 11th Judicial Circuit in and for Dade County,. Florida, an action entitled W. J. TROUP, JR., et al. vs. BITUMINOUS. CASUALTY CORPORATION, No. 63L 4448, in which the Plaintiffs, as the surviving members of the last Board of Directors of Grubbs Construction, Inc., contend that the Garnishee herein is now and has since the 8th day of August, 1963, been indebted to the Defendant herein in the sum of $4906.00.
“2. The contention of the Garnishee herein is that it is not now, nor has it ever been, indebted to the Defendant herein in the sum of $4906.00' or in any other sum. This Garnishee has filed a Counterclaim in Case No. 63L 4448 which states in part:
“ 'That in accordance with the terms of the insurance policy identified herein, as Plaintiff’s Exhibit “A” for identification, if the Counterclaimant is required to pay the Counterdefendant the amount of the judgment which is identified in Paragraph 7 of the Complaint, then the Counterdefendant is liable to the Counterclaimant in the amount of said judgment, plus legal expense incurred in defending the Counterdefend-ant, plus a fourteen percent (14%) loss Conversion Factor, plus a three and one-tenths per cent (3.1%) Florida State Insurance Tax.’ ”
In addition, the appellee, Bituminous, filed a motion to quash the garnishment in which it set out as follows:
“1) That the above captioned cause [Case No. 62L 1437] was filed against *478 GRUBBS CONSTRUCTION, INC. by the Law Firm of TAYLOR & BRION, representing WILLIAM R. BURNS and CASSIE MAE BURNS, his wife.
“2) That after securing judgment against GRUBBS CONSTRUCTION, INC., the same Law Firm' — now known as TAYLOR, BRION & ROLLINS, did file a suit on behalf of W. J. TROUP, JR., successors to GRUBBS CONSTRUCTION, INC., against BITUMINOUS CASUALTY CORPORATION, said suit being No. 63L 4448, filed in this Court.
“3) That GRUBBS CONSTRUCTION, INC. was insured by BITUMINOUS CASUALTY CORPORATION under a liability insurance policy, insuring GRUBBS CONSTRUCTION, INC., against claims for accidents.
“4) That the issue as to whether or not the judgment secured by WILBUR R. BURNS and CASSIE MAE BURNS, his wife, in Case No. 62L 1437, evolved from an accident has been raised in Case No. 63L 4448, among other defenses.
“5) That counsel for WILBUR R. BURNS and CASSIE MAE BURNS, his wife, are one and the same counsel who have appeared for GRUBBS CONSTRUCTION, INC., both suing and claiming against BITUMINOUS CASUALTY CORPORATION, garnishee herein.
“6) That the action of counsel in these causes is creating undue prolixity litigation, and that counsel is representing one and the same parties under two different actions.
“7) That all issues to be decided under pleadings that may be filed hereafter pursuant to F.S.A. Chapter 77, have been raised and will be decided in Case No. 63L 4448.”
The appellant, garnishor, moved to strike the two paragraphs of the answer to the writ quoted above.
The record in this cause has been supplemented to show the original complaint in the action by Troup and others against Bituminous Casualty Corporation referred to above as Case No. 63L 4448.
On this appeal we are presented with the question of whether the pendency of common-law action No. 63L 4448, which was filed before the writ of garnishment, was a proper basis for the order quashing the writ. The appellee urges that its motion to quash was a proper plea in abatement. It asserts that the pendency of a prior action in a court of competent jurisdiction abates a subsequent action where the parties are the same and both suits are predicated on the same cause of action. State ex rel. Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533 (1930); 1 Fla. Jur. Abatement & Revival, § 5. The appellant, upon the other hand, maintains that the rule of law referred to above, which allows abatement of an action when another cause is pending, requires that the parties to the cause first pending be identical with the parties in the second cause of action. Davant v. Weeks, 78 Fla. 175, 82 So. 807 (1919).
It is apparent that in this case the parties are not identical but the appellee urges that in the eyes of the law they are the same because (1) both actions were brought by the same attorney for the same purpose and (2) the garnishors have no rights against Bitumlhous except those growing out of Bituminous’ contract with Grubbs Construction, Inc. which is the subject matter of the prior action.
In order for a cause of action to be abated because of another cause already pending, the identity of the parties must be exact because the court is necessarily projecting the effect of a case which has not been tried and a judgment which has not yet been rendered. Cf.: Davant v. Weeks, *479 supra; Horter v. Commercial Bank & Trust Co., 99 Fla. 678, 126 So. 909 (1930).
 An order abating a cause because of a prior action pending may not be based upon convenience but must be based upon certainty that the second cause would be useless. The circumstance mentioned by the appellee that the attorneys in both actions are the same is not a sufficient basis for the conclusion that the parties are identical.
We conclude that the trial court erroneously quashed the writ of garnishment, and erroneously refused to strike from the answer of the garnishee the references to common-law action, No. 63L 4448. Accordingly, the judgment is reversed and the cause remanded with directions to strike that portion of the answer of the garnishee pertaining to case No. 63L 4448, and to proceed with the cause.
Reversed and remanded.