CROSS, Judge.
Appellant-plaintiff, Betty T. O’Hern, appeals a final judgment in favor of appellee-defendant, The Atlantic National Bank of Jacksonville, in an action for declaratory judgment determining the rights of the parties to a sum of money which had been paid into the registry of the court. We affirm.
The facts in the instant case are extremely complex, and somewhat difficult to ascertain, inasmuch as the entire record on appeal consists of the final judgment, notice of appeal, assignment of error, and directions to the clerk. The final judgment did contain a summary of the relevant facts, from which the following has been gleaned.
In July 1965 plaintiff obtained a judgment of $110,000 against defendant Guy H. Donald (hereinafter referred to as Donald) in a wrongful death action. Subsequently, Donald’s insurer, defendant National Indemnity Company (hereinafter referred to as National Indemnity), paid plaintiff $100,-000, the limits of its liability under the policy issued to Donald. On January 19, 1966, plaintiff filed a writ of execution in Duval County against Donald for the $10,000 balance of the judgment remaining unpaid.
On March 1, 1966, Donald brought an action in the Circuit Court for Palm Beach County against National Indemnity, his insurer, for the $10,000 excess of the judgment over the policy limits, alleging bad faith refusal to settle on the part of National Indemnity. On April 21, 1967, Atlantic National Bank of Jacksonville (hereinafter referred to as Atlantic) recovered a judgment against Donald of some $17,000, in an unrelated action.
On August 29, 1967, Donald recovered a judgment of $10,000 in his action against his insurer, National Indemnity. Super-sedeas bond was posted, and the judgment appealed to this court, which affirmed per curiam. National Indemnity Company v. Donald, Fla.App.1969, 229 So.2d 900, cert, denied, Fla.1970, 237 So.2d 539.
In January 1970 Atlantic filed an action in the Circuit Court for Duval County seeking to garnish the judgment recovered by Donald against National Indemnity as partial satisfaction of the judgment recovered by Atlantic against Donald. Plaintiff O’Hern was allowed to intervene in the garnishment proceedings, but apparently took no active part in that case. On May 8, 1970, a final judgment of garnishment was entered by the Duval Circuit Court in favor of Atlantic. Execution was stayed, however, pending the outcome of the instant case.
Meanwhile, after the affirmance and denial of certiorari in National Indemnity Co. v. Donald, supra, plaintiff intervened in supplementary proceedings in the Circuit Court for Palm Beach County, seeking to enforce her claim against the supersedeas *15 bond which had been posted by National Indemnity. Aware of the pendency of the garnishment proceeding in Duval County, the trial court entered an order requiring National Indemnity to pay into the registry of the court the amount due on the judgment in National Indemnity Company v. Donald, supra, so that National Indemnity would not be forced to pay twice.
Subsequently, plaintiff filed the present action for declaratory relief, seeking to determine the rights of all the parties to the money which had been paid by National Indemnity into the court. Final judgment was entered, in which the trial court determined that Atlantic was entitled to the money on account of its judgment in the garnishment proceeding. This appeal followed.
Plaintiff, of course, contends that the trial court erred in not entering final judgment in her favor, and in support of her contention raises three points on appeal: (1) that the writ of execution filed by plaintiff with the sheriff of Duval County in January 1966 attached to Donald’s cause of action against National Indemnity, constituting a prior lien on the $10,000 judgment recovered by Donald; (2) that in any event Donald’s action against National Indemnity which resulted in the $10,000 judgment was brought for plaintiffs’ benefit, and the judgment inured to her rather than Donald; and (3) that funds which have been deposited into the registry of the court are not subject to garnishment, and that Atlantic’s judgment in the garnishment action was thus void and of no effect.
Plaintiff’s first contention is that the writ of execution, filed with the Duval County Sheriff in January 1966, constituted a lien on all Donald’s property, including his cause of action against • National Indemnity. Plaintiff cites several cases for the proposition that such a cause of action is a property right and freely assignable, contending that Donald’s cause of action against National Indemnity was thus “property” subject to levy by writ of execution.
However, the law in Florida is clear that choses. in action are subject to execution only when made so by statute or voluntarily given up to be sold on execution. E. g., Harris v. Smith, 1942, ISO Fla. 125, 7 So.2d 343, 346. In Harris v. Smith, the chose in action referred to was a cause of action for goods sold and delivered, and money due for work done. This rule that choses in action are not subject to execution was re-emphasized by the Florida Supreme Court in Peninsula State Bank v. United States, Fla.1968, 211 So.2d 3. There, the particular chose in action was an account receivable, to which ch. 524 of the Florida Statutes, F.S.A. was then applicable. The court stated:
“It must be presumed that the Legislature was aware of the fact that the statute designating the property subject to levy and sale under execution to satisfy a judgment lien [now Section 56.061, Florida Statutes] did not and does not include in its enumeration mere contractual rights or choses in action, such as a mortgage or account receivable; and that this court has expressly held that they are not, therefore, subject to levy and sale under execution nor to the lien of an execution. In other words, insofar as what we call a ‘simple judgment creditor’ is concerned, there simply is no such thing as a judgment lien against an account receivable in this state. The only way a simple judgment creditor can reach an account receivable owed to his debtor is by way of a separate and independent judicial proceeding to establish the debt and collect for himself the amount due thereon— either by way of garnishment proceedings or, in a proper case, by a suit brought in his own name by the assignee thereof.” (Emphasis supplied.)
The principle applied to writs of execution against a chose in action such as an account receivable applies a fortiori to the contingent cause of action in the instant case. Even if it be accepted arguendo that Donald’s cause of action against National *16 Indemnity for the $10,000 “overage” was a form of property or property right, it is not property which is subject to a writ of execution.
Plaintiff’s second point, that Atlantic had nothing to garnish because the $10,-000 judgment against National Indemnity was rendered for plaintiff’s benefit and not in favor of Donald, may quickly be disposed of. This contention is simply not supported by the record. Nowhere in the scanty record on appeal, aside from plaintiff’s bare assertions in her brief, is there any suggestion that Donald’s action against National Indemnity was brought for the benefit of plaintiff. Plaintiff was not a party of record, on appeal or at trial. See National Indemnity Company v. Donald, 229 So.2d 900, 901. Had Donald desired to assign the cause of action to plaintiff, he could have easily done so, and she would have then appeared as the real party in interest.
Plaintiff’s third and final point on appeal is that funds deposited into the registry of the court are not subject to garnishment. The final judgment in the Duval County garnishment action was void and of no effect, plaintiff contends, as an attempt to garnish funds “in custodia legis.”
The principle of law relied on by plaintiff, that funds paid into court are not subject to a writ of garnishment, is indisputably correct. Where one court actually executes a writ of garnishment directed against money which has been paid into the registry of another court, such a writ is without legal effect. Leatherman v. Gimourginas, Fla.App.1966, 192 So.2d 301.
This principle of law, however, does not apply to the instant facts. In the instant case, we are not presented with a situation in which the Duval Circuit Court executed a writ of garnishment directed against the money which National Indemnity had paid into the registry of the Circuit Court for Palm Beach County. The Duval court entered final judgment in favor of Atlantic, but withheld execution of the writ of garnishment pending the outcome of the instant case. Atlantic then came before the Palm Beach court in the instant action, using the final judgment of the Duval court as evidence in support of its contention that it, Atlantic, should be awarded the money in question.
The Leatherman case, relied upon by plaintiff, draws a clear distinction between instances where one court issues a writ of garnishment against funds paid into another court, and instances involving proceedings in the court into whose registry the funds were paid. Application of the rule as urged by plaintiff to the latter instance, which is the fact situation presented by the present case, would enable a judgment debtor to defeat absolutely a judgment creditor’s claims by simply paying the money into the registry of a court.
In conclusion, the trial court was presented with two claimants to a sum of money. Plaintiff claimed entitlement under her 1965 judgment against Donald and the 1966 writ of execution filed in Duval County. Atlantic claimed entitlement under its 1967 judgment against Donald and the 1970 final judgment in the garnishment action. In light of what has been set forth above, plaintiff has failed to demonstrate reversible error by the trial court in determining as a matter of law that Atlantic was entitled to the money in question. Accordingly, the final judgment appealed is affirmed.
Affirmed.
WALDEN and MAGER, JJ., concur.