BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 256 So.2d 13. Jurisdiction is based on conflict between the decision sought to be reviewed and Shingleton *258 v. Bussey,[1] and Thompson v. Commercial Union Insurance Co.[2]
In July 1965 plaintiff O’Hern, petitioner herein, obtained a judgment of $110,000 against defendant Guy H. Donald in a wrongful death action. Subsequently, Donald’s insurer, defendant National Indemnity Company, paid plaintiff $100,000, the limits of its liability under the policy issued to Donald. On January 19, 1966, plaintiff filed a writ of execution in Duval County against Donald for the $10,000 balance of the judgment remaining unpaid.
On March 1, 1966, Donald brought an action in the Circuit Court for Palm Beach County against National Indemnity, his insurer, for the $10,000 excess of the judgment over the policy limits, alleging bad faith refusal to settle on the part of National Indemnity. On April 21, 1967, Atlantic National Bank of Jacksonville recovered a judgment against Donald of some $17,000, in an unrelated action.
On August 29, 1967, Donald recovered a judgment of $10,000 in his action against his insurer, National Indemnity. Superse-deas bond was posted and the judgment appealed to the District Court of Appeal, Fourth District, which affirmed per curiam.[3]
In January 1970 Atlantic filed an action in the Circuit Court for Duval County seeking to garnish the judgment recovered by Donald against National Indemnity as partial satisfaction of the judgment recovered by Atlantic against Donald. Plaintiff O’Hern was allowed to intervene in the garnishment proceedings, but apparently took no active part in that case. On May 8, 1970, a final judgment of garnishment was entered by the Duval Circuit Court in favor of Atlantic. Execution was stayed, however, pending the outcome of the instant case.
Meanwhile, after the affirmance and denial of certiorari in National Indemnity Company v. Donald, supra, plaintiff intervened in supplementary proceedings in the Circuit Court for Palm Beach County, seeking to enforce her claim against the supersedeas bond which had been posted by National Indemnity. Aware of the pen-dency of the garnishment proceeding in Duval County, the trial court entered an order requiring National Indemnity to pay into the registry of the Court the amount due on the judgment in National Indemnity Company v. Donald, supra, so that National Indemnity would not be forced to pay twice.
Subsequently, plaintiff O’Hern filed the present action for declaratory relief, seeking to determine the rights of all the parties to the money which had been paid by National Indemnity into the Court. Final judgment was entered, in which the trial court determined that Atlantic was entitled to the money on account of its judgment in the garnishment proceeding.
The District Court affirmed, holding in pertinent part as follows: [4]
“Plaintiff’s second point, that Atlantic had nothing to garnish because the $10,000 judgment against National Indemnity was rendered for plaintiff’s benefit and not in favor of Donald, may quickly be disposed of. This contention is simply not supported by the record. Nowhere in the scanty record on appeal, aside from plaintiff’s bare assertions in her brief, is there any suggestion that Donald’s action against National Indemnity was brought for the benefit of plaintiff. Plaintiff was not a party of *259 record, on appeal or at trial. See National Indemnity Company v. Donald, [Fla.App.], 229 So.2d 900, 901. Had Donald desired to assign the cause of action to plaintiff, he could have easily done so, and she would have then appeared as the real party in interest.”
The foregoing statement creates conflict with this Court’s decisions in the Shingle-ton and Thompson cases, supra, wherein we held that the injured party in an automobile accident is third party beneficiary to the contract between the tortfeasor and the tortfeasor’s liability insurer, as well as the real party in interest in the suit against the automobile liability insurer.[5]
The insurance proceeds available for compensation of Mrs. O’Hern for the death of her husband in the instant case are not, and at no time became, the property of defendant Donald. Regardless of in whose name the suit for excess coverage was brought, the funds obtained were those of Mrs. O’Hern and at no time were available to Donald or his creditors. Mrs. O’Hern in the instant case was not in the position of a creditor on a par with other creditors of Donald seeking to obtain execution against, or to garnish, funds of Donald. The funds in question were hers at the time judgmént was entered against the liability insurer in the excess coverage suit.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.
DREW, J. (Retired), dissents.

. 223 So.2d 713 (Fla.1969).

. 250 So.2d 259 (Fla.1971).

. National Indemnity Co. v. Donald, 229 So.2d 900, cert. den. 237 So.2d 539 (Fla.1970).

. O’Hern v. Donald, 256 So.2d 13, 16 (Fla.App.4th 1972).

. Thompson v. Commercial Union Ins. Co., 250 So.2d 259, 262, 264 (Fla.1971), expressly adopts the following pertinent language from the concurring opinion of Wigginton, J., in Canal Ins. Co. v. Sturgis, 114 So.2d 469 (Fla.App.1st 1959) : “There is much force to the contention made by appellee that irrespective of its provisions, every automobile liability insurance policy should he construed as a third party beneficiary contract entitling a judgment creditor to recover in a direct action against the insured for the excess of his judgment over policy limits in those cases where the insurer is guilty of negligence or bad faith in handling the claim. This argument is predicated on the public policy of Florida as proclaimed in the Florida Financial Responsibility Law. This Act requires as a condition of the privilege of operating a motor vehicle on the streets and highways of this state that the owner possess the financial ability to respond for any damages caused by the operation of his vehicle. This Act provides that automobile liability insurance shall constitute adequate proof of the required financial responsibility. The liability insurance furnished in accordance with the mandate of this law is primarily for the protection of and benefit to third parties. Under appellee’s theory,, liability insurance policies should therefore be construed as third party beneficiary contracts subject to enforcement by a judgment creditor in a direct action against the insurer under the rule announced in Shaw.”