384 So.2d 971 (1980)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
Minerva A. PEREZ, Appellee.
No. 79-1332.
District Court of Appeal of Florida, Third District.
June 24, 1980.
*972 Corlett, Merritt, Killian & Sikes and Linda Loomis Shelley, Miami, for appellant.
Kuvin, Klingensmith & Lewis and R. Fred Lewis, Miami, for appellee.
Before HENDRY and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
BASKIN, Judge.
We are confronted with the question of whether a release of all claims executed by the insured in favor of the insurer, subsequent to the entry of an excess judgment in favor of an injured third party, bars a "bad faith" action against the insurer by the injured third party. We hold that the release does not bar the bad faith claim, and consequently, affirm the decision of the trial court.
Louisa DiMeola, a Travelers' insured under a policy issued to her husband, drove her vehicle across the center line and collided head-on with the vehicle driven by Minerva Perez. Both women were seriously injured.
Appellee Perez notified Travelers of her liability insurance claim against Travelers and its insured. Within a few months, Ms. DiMeola informed Travelers that she would pursue a claim for uninsured motorist benefits because a third and "fantom" vehicle had forced her to drive into Ms. Perez's path.
Travelers refused Ms. Perez's offer to settle within the policy limits until just prior to the jury trial of the liability claim. At that time, Travelers made an offer of judgment of the $25,000 policy limits, which was rejected. The jury returned a verdict of $70,000 in favor of Ms. Perez and against Travelers and its insured. Travelers "cross-claimed" with a motion to limit its liability to the policy limits, and Ms. Perez "answered and cross-claimed" seeking damages for Travelers' "bad faith" in handling the liability claim.
While Ms. Perez was litigating her liability claim, Mr. DiMeola[1] proceeded with the uninsured motorist claim. Travelers at first agreed to settle, but then refused to follow through with the agreement. Thus, some time after entry of judgment, pursuant to the jury verdict in favor of Ms. Perez on her liability claim, Mr. DiMeola filed a suit to enforce the settlement agreement and to claim damages for Travelers' bad faith in handling this proceeding.
Travelers ultimately settled with Mr. DiMeola and obtained a release of all claims from him. Travelers then asserted this release as a defense in Ms. Perez's pending bad faith action against Travelers. The trial court granted Ms. Perez's motion to strike this defense, the matter proceeded to trial, and Ms. Perez obtained a judgment for $45,000 against Travelers. Travelers now appeals claiming that the trial court erred in striking its defense. We find no merit in this argument for reasons we now discuss.
Ms. Perez is a third party beneficiary of the contract between Travelers and its insured. As such, she has the right to bring a direct action against Travelers alleging the insurer's bad faith as grounds for an excess judgment. Thompson v. Commercial Union Insurance Co. of New York, 250 So.2d 259 (Fla. 1971). See also Boston Old Colony Insurance Co. v. Gutierrez, ___ *973 So.2d ___ (Fla. 1980) (Case No. 54,769, Op. filed April 10, 1980), reaffirming the position taken by the Thompson court. Ms. Perez's right to bring a direct action for bad faith against the insurer vested in or accrued to her at the same time she became entitled to sue the insured. Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969). Once Ms. Perez obtained the right to proceed against the insurer she could not be divested of that right by the actions of the insured or the insurer without her consent. O'Hern v. Donald, 278 So.2d 257 (Fla. 1973).
Public policy considerations militate against interpreting the release to have so drastic an effect. To allow an insured to release an insurer from a third party beneficiary's claim would invite collusive or coerced contracts and afford the insurer a means of escaping liability for a breach of its duty of good faith. See Boston Old Colony Insurance Co. v. Gutierrez, supra, (noting that a "hold harmless" agreement executed by the insured in favor of the insurer was not a determining factor in its decision.)
Travelers also urges this court to find that the trial court erred in allowing an insurance company employee of another company to give expert testimony as to the method he would have used in handling Ms. Perez's claim. We find the admission of this testimony, if error, to be harmless error since there was sufficient evidence to support the jury's finding of bad faith. Seaboard CoastLine Railroad Co. v. Hill, 250 So.2d 311 (Fla. 4th DCA 1971).
The decision of the trial court is affirmed.
NOTES
[1] Ms. DiMeola ultimately died from the injuries she suffered in the accident. Mr. DiMeola, individually and as personal representative of the deceased's estate, pursued the claim.