HENDRY, Judge.
This is a consolidated appeal by plaintiffs from two non-final orders denying motions for preliminary and temporary injunctions to enjoin the Surf Club from disposing of plaintiffs’ proprietary interests in the Club, and denying a motion to vacate an order staying the cause pending final disposition *971 of an earlier-filed action[1] involving common issues. We reverse the denial of the requested injunctive relief and affirm the stay.
It is appellants’ main contention on appeal that the trial court abused its discretion in refusing to grant a preliminary or temporary injunction against the Surf Club. They assert that it was made to appear below that they and others similarly situated are “vested with complete ownership of all the property and franchises” occupied by the Surf Club and that the Club is attempting to sell their property rights under a false claim for alleged delinquent dues, thereby placing a cloud upon their property and seeking to divest their property rights.
The appellee Club argues primarily (1) that the stay was proper and the trial court correctly denied plaintiffs’ motion to vacate the stay, and (2) that the trial court properly denied the requested injunctive relief based on its finding that plaintiffs had failed to make the required showings for the granting of such relief.
Appellee has also raised various arguments relating to whether the stay issue has been preserved for appellate review. We find it unnecessary to address these points since it is clear that counsel for the parties agreed before the trial court to a stay of the instant litigation pending final disposition of the earlier action. The court ruled at the preliminary injunction hearing that the contemplated stay could be dissolved and the action could proceed to determination on the merits if final disposition of the earlier case did not decide the issue raised by plaintiffs’ complaint. The stay, as conditioned, appears to promote the interest of judicial economy, as well as to protect against the possibility of multiple inconsistent rulings on the same legal issue.
The parties’ agreement in the trial court to the stay, as conditioned, also makes it unnecessary for us to address appellant’s reply argument that the stay was improper in that the circumstances presented do not meet the stringent standards for abatement of the instant action on grounds of another action pending, as set forth in Horter v. Commercial Bank & Trust Co., 99 Fla. 768, 126 So. 909 (Fla.1930) (requirement of identities of the issues, parties and subject matter, so that a judgment in first suit could be pleaded in bar as a former adjudication), and Burns v. Grubbs Construction, Inc., 174 So.2d 476 (Fla. 3d DCA 1965) (requirement of exact identity of parties; also, certainty that second cause would be useless). We note, however, that the legal requirements for an abatement of plaintiffs’ action were apparently not met. It is significant, in this connection, that motions to transfer this cause to the other division of Circuit Court in which the Club’s prior action was pending were twice denied by the administrative judge of the Circuit Court.
The plaintiffs’ willingness to accept a stay was, at any rate, qualified by their desire to obtain at least preliminary injunc-tive relief to maintain the status quo. Specifically, plaintiffs sought to enjoin the Club from its plan to sell or otherwise dispose of the proprietary certificates held by each of them, which represent their interests in the Club property and franchises,[2] and to expel them as members, for non-payment of dues allegedly owed.
In our view, plaintiffs demonstrated their entitlement to the requested injunctive relief and the trial court abused its discretion in denying the preliminary injunction. Plaintiffs’ complaint, as well as matters adduced at the hearing which supported the allegations thereof, demonstrated that *972 plaintiffs lacked an adequate remedy at law and had a well-grounded apprehension of irreparable injury to their property and other rights represented by their proprietors’ certificates, if the Club’s plan to sell or otherwise dispose of the certificates were not enjoined. Although the nature of the rights represented by plaintiffs’ certificates had yet to be determined at the time of the hearing, it was at least clear that the certificates represented plaintiffs’ legal rights vis-a-vis the Club and that their sale or other disposition would cause irreparable injury to these rights. Cf. Sackett v. City of Coral Gables, 246 So.2d 162, 164 (Fla. 3d DCA 1971) (“relief should be awarded only in clear cases, reasonably free from doubt, and when necessary to prevent great and irreparable injury....”). This is particularly so where there was testimony at the hearing, albeit introduced by the Club, that the Club was not able even to ascertain the monetary value of the plaintiffs’ certificates, thus the injury was not susceptible of complete pecuniary compensation, and was irreparable. 29 Fla.Jur.2d Injunctions § 22 (1981); see also Puga v. Suave Shoe Corp., 374 So.2d 552 (Fla. 3d DCA 1979).
Nor do we believe, as appellee contends, that because the plaintiffs might have, but did not file a counterclaim seeking such preliminary injunctive relief in the Club’s earlier action, that this in any way affected plaintiffs’ right to pursue such relief in their lawsuit. A useful analogy may be made to Horter v. Commercial Bank & Trust Co., supra, wherein the supreme court held that “the fact that the plaintiff in the second action might have sought the same relief by a cross-bill or a cross-complaint in a prior action brought against him is not ground for abatement of the second action.” 126 So. 912. Similarly here, where, as we have said, the technical requirements for an abatement of plaintiffs’ action were not satisfied, plaintiffs’ right to seek injunctive relief in conjunction with the agreed upon stay should not have been foreclosed, or “abated”, in a sense.
For these reasons, the orders denying motions for preliminary and temporary injunc-tive relief are reversed and the cause remanded with directions to enter a preliminary injunction in accordance with the plaintiffs’ motion therefor, and to additionally consider any other equitable relief which may be necessary to ensure that plaintiffs’ rights represented by their certificates are not interfered with in any manner by the Club pending disposition of the issue raised in the instant lawsuit. The stay of the action is, accordingly, vacated for such time as is necessary to accomplish entry of the requested injunction and other appropriate relief. Upon entry of the preliminary injunction, the stay shall be reinst-ituted, and shall remain in effect under the terms and conditions upon which it was entered.
Affirmed in part, reversed in part, and remanded with directions.

. Case No. 80-21183, The Surf Club v. Murrell, et al., is the Surf Club’s action for declaratory relief in connection with a 1979 Club resolution authorizing a lease of certain Club real property for condominium development, as well as certain other actions. The Murrell case is pending in another division, division (10), of the Circuit Court.

. This Court held in The Surf Club v. Long, 325 So.2d 66 (Fla.3d DCA 1975), that the certificates given proprietary members of the Surf Club created a contractual relationship between the Club and the holders thereof and vested in these proprietors complete ownership of all property and franchises of the Club.